BUTLER *v.* THE RICHMOND AND DANVILLE RAILROAD CO.

1. While under the rule of court a judgment of default should never be opened without the payment of costs, yet where these terms are not insisted upon by opposite counsel and the court for special reasons allows pleas to be filed without the payment of costs, the judgment will be left to stand on the doctrine of discretion and conformity to local practice, though such practice is unsound. Where payment of costs is insisted upon at the time by the opposite party or his counsel, it should always be exacted.
2. Where accord and satisfaction are embodied in a written instrument which the plaintiff has signed with his mark, and he denies that he ever entered into such a contract or that the same was read over to him, and claims that the amount paid him was not paid upon such contract but upon his claim for wages, and that in signing he thought he was subscribing to an ordinary pay-roll only, it is not necessary for him to refund the amount received to entitle him to make the question of fraud in imposing upon him the written contract into which he did not enter in lieu of the actual contract under which the money was paid to him.

November 23, 1891.

Pleading and practice.  Accord and satisfaction.
Fraud.  Before Judge VAN EPPS.  City court of At-
lanta.  June term, 1891.

Action for damages ; pleas of the general issue, and
of payment of $18 in full settlement of all damages.
On the latter plea the jury found for the defendant.
The plaintiff's motion for a new trial was overruled, and
he excepted.  Among the grounds of the motion were
the following:

Error in allowing the defendant, over plaintiff's ob-
jection, to file pleas and to make defence thereunder at
the trial which occurred at the third term after the suit
was commenced, the defendant's counsel having neither
marked their names on the docket nor filed any plea,
and the court permitting the pleas to be filed and the
case to be defended without imposing any terms.  The
judge certifies : " Under the practice of the court, it has
not been usual or customary for the regular counsel of
public or *quasi* public corporations, such as the City of
Atlanta, or of the railroad companies, to indorse their
names on the docket; but the court and the bar have
taken notice of the same as matters of public notoriety."

Error in charging : "Inadequacy in amount will not
vitiate the contract of settlement if the plaintiff exe-
cuted it, nor will it make any difference, if he signed
this contract of settlement, that he was induced by fraud
to do it, that he was deceived and overreached, or signed
it supposing that it was something else.  Before he can
attack this settlement on the ground of fraud in its ex-
ecution, he must show first that he tendered back the
consideration, to wit the $18 received under it, before
this suit was brought, or at least that he promptly did
so upon the discovery of the fraud."  It was alleged
that this charge was not warranted by the evidence,
plaintiff contending that no settlement was ever intended
by him ; that the $18 paid him was paid and received

for time lost from his labor by reason of defendant's negligence in inflicting the injuries; that he never signed a contract of settlement or release as such, but if he signed it at all, signed it as a receipt for $18, the same representing eighteen days time lost from his work with defendant by reason of defendant's negligence; that defendant had promised to pay him the $18, and was in law and duty bound so to do, and its receipt by him was no consideration for the settlement, nor intended as such. In a note to this ground the court states: "There was no evidence of any contract on the part of defendant to pay plaintiff wages while not engaged at work."

F. R. & J. G. WALKER, for plaintiff.

JACKSON & JACKSON and W. S. UPSHAW, for defendant.

BLECKLEY, Chief Justice.

1. A fundamental requisite in judicial procedure is that all parties and all counsel shall conform to like rules and be equally diligent. Exceptions may be made in favor of age or infirmity, but none should be allowed on account of difference in the mass of business or number of cases which counsel may be engaged in, or the class of parties which they represent. Any local practice which makes such distinctions is not sound; but while it prevails and the presiding judge recognizes and conforms to it, his conformity in a given instance, unless some substantial injustice is done, may be left to stand upon the doctrine of discretion. The 23d rule of court (Code, p. 1348) says that "Upon opening a judgment by default, the defendant shall plead *instanter* to the merits of the action, and no default shall be opened but upon payment of all costs which may have accrued. Tested by the law of the State, and not by the local practice in the city court of Atlanta, the case, when defendant proposed to plead, was in default; and under the rule of court, the payment of costs was requisite to

open the default. That condition ought to have been imposed, but opposite counsel did not insist upon it, and the court thinking there were special reasons why the privilege of pleading should be allowed at that stage of the case, we can hold there was no reversible error. Had the payment of costs been insisted upon, we might have held otherwise. Certainly the costs ought to be paid in every case if they are exacted; indeed, the rule of court is imperative even where they are not exacted. All local practice ought to conform to it.

2. The plaintiff sought to make the question that the written instrument in the form of a receipt and release which the company produced, showing on its face an accord and satisfaction touching the cause of action declared upon, was procured from him by fraud. The instrument was signed with his mark, and he denied that he ever entered into such a contract or that the same was read over to him. He admitted that the amount specified as paid to him was paid, but denied that it was paid on any such contract. He contended that it was paid upon his claim for wages, and that in signing the instrument he thought he was subscribing to an ordinary pay-roll only. He testified before the court and jury that these were the facts, and he sought to have the jury pass upon them. But the court cut off the jury from their consideration by instructing in the general charge to the effect that if he signed the instrument, he could not attack it on the ground of fraud without first showing that he had tendered back the money received under it before the suit was brought, or at least, that he made the tender promptly upon discovery of the fraud. The instruction is set out at length in the seventh ground of the motion for a new trial. There was no evidence of any tender, either before or after the suit was brought. It is obvious, therefore, that the case was virtually disposed of, and by no

possibility could the jury find for the plaintiff unless they violated the rule of law thus given them in charge by the court, and this they could not do without also violating their oaths as jurors. It is quite true that if the plaintiff had made any settlement or entered into any accord touching the injury complained of in his declaration, and now sought to open the same on the ground of fraud, he would have to tender back any money which had been paid to him in consequence or by way of execution of the settlement or accord. *East Tennessee, &c. Ry. Co.* v. *Hayes,* 83 *Ga.* 558. The reason is, that to attack a contract on the ground of fraud involves an admission that such a contract was made, and also an election to rescind it; and the rule of rescission always is, that the opposite party must be placed *in statu quo.* But where the plaintiff, instead of attacking a contract for fraud, merely attacks a writing which purports to embody such a contract, and alleges that his signature to the writing was appended without knowledge of its contents and under the belief that he was signing another document, he neither admits that the contract was made nor seeks to rescind it. His grievance is, not that he was induced by fraud to enter into a contract, but that a fraudulent advantage was taken of him by procuring his signature to a writing which purports to set forth a contract into which he never entered. On his theory, the money he received was no fruit of such a contract, and could not have been, because none such was ever made. The money, as he contends, was paid him as wages which he claimed then and still claims as due him under a previous and wholly different contract. Taking all he says as true, he has received nothing which he ought not to have had independently of any agreement, fraudulent or not fraudulent, touching his claim for damages on account of the personal injury sued for, and he denies distinctly that the contract set

forth in the writing was ever made. Mullen *v.* Railroad Company, 127 Mass. 86. The true question is, therefore, not whether he could be heard without tendering back the money, but whether, as a rule of evidence, he is estopped from controverting the truth of the contents of the writing. That he is an illiterate person is apparent from the fact that he subscribed the instrument by making his mark, his name being written by some one else. He testifies that he cannot read and that the document was not read over to him, and that he thought he was signing an ordinary pay-roll. In the course of his testimony he details the circumstances which led up to the payment, and while he does not explain fully why he thought he was signing an ordinary pay-roll, the facts which he mentions are strongly suggestive of misrepresentation on the part of one or more agents of the company, together with erroneous inferences made by his own mind, as the true explanation. It may be that under the authorities he did not show the alleged fraud by sufficient evidence, but this is a very different matter from tendering back the money as a condition precedent to having the charge of fraud submitted to the jury on such evidence as there was. The authorities touching the consequences of failing to read over to illiterate persons writings executed by them are in much apparent conflict. Only a few of them are cited. Suffern *v.* Butler, 18 N. J. Eq. 220; Selden *v.* Myers, 20 How. 506; Trambly *v.* Ricard, 130 Mass. 259; O'Neil *v.* Iron Company, 63 Mich. 690. *Judgment reversed.*