The Western & Atlantic Railroad Co. *v.* Burke.

The evidence for the defendant company showing that the plaintiff had accepted and receipted for a given sum of money in full settlement of a claim for damages on account of personal injuries received; and it appearing from the plaintiff's own testimony, when fairly construed in connection with the undisputed facts of the case, that at the time of the settlement, the company owed him nothing for wages, that he had no lawful demand against it of any kind other than his above indicated claim, and that the settlement was made for the purpose of satisfying this claim; and it therefore being, in any just view of the evidence, indisputable that damages resulting from the personal injuries were the subject-matter to which the settlement related, he was not, under the principle laid down by this court in *E. T., V. & G. Ry. Co.* v. *Hayes*, 83 *Ga.* 558, entitled to recover, it not appearing that before bringing his action he had tendered to the defendant the money paid him, or had made any effort whatever to rescind the contract of settlement. This case differs from that of *Butler* v. *R. & D. R. R. Co.*, 88 *Ga.* 594. December 2, 1895.

Action for damages.     Before Judge Westmoreland. City court of Atlanta.     January term, 1895.

*Payne & Tye*, for plaintiff in error.

*Burton Smith*, contra.

Lumpkin, Justice.

This was an action against the railroad company by Burke, an employee, for damages resulting from personal injuries, in which he obtained a verdict for $715.00, "less one hundred and sixty-five dollars already paid." At the trial, the defendant introduced a writing signed by Burke, whereby he acknowledged the receipt of $165.00 in full settlement for the injuries inflicted upon him by the defendant. He sought to avoid the effect of this instrument by showing that he could neither read nor write, and that, in ignorance of the real contents of the paper, he signed it, supposing it to be a receipt for money paid him for "lost time." It appears from the plaintiff's own testimony, fairly construed in connection with the undisputed facts of the case, that at the time of this settlement the company

owed him nothing for wages, and that he really had no demand against it of any kind whatever other than his claim for damages, in which, of course, his "lost time" would be an important element.   It is indisputably clear that damages resulting from personal injuries were the subject-matter to which the settlement related.   The verdict shows with absolute certainty that the jury so believed, or else they would not have deducted from what they regarded the proper amount of damages the "one hundred and sixty-five dollars already paid."    Already paid on what?   Why, on the claim for damages, of course; for if it had been paid on any other just account or demand that the plaintiff may have had against the company, the jury would have allowed him to keep it, and would have made the company pay him the full amount due him on account of his injuries.   If, in making this settlement, a fraud was practiced upon him and he was overreached, he might have cause to rescind, and still retain his right, upon rescission, to recover the full amount to which he was entitled.   But under the principle laid down by this court in *East Tenn., Va. & Ga. Ry. Co. v. Hayes*, 83 *Ga.* 558, it would be essential that, before commencing suit, he should tender to the railroad company the sum he received, with a demand for the return of the receipt he had given.   Nothing of this kind was done in the present case, nor does it appear that the plaintiff, before bringing his action, ever made any effort whatever to rescind the contract of settlement.

There is a very clear distinction between this case and that of *Butler v. R. & D. R. R. Co.*, 88 *Ga.* 594.   In the opinion therein delivered by Chief Justice Bleckley, the doctrine which governs the present case, and which was recognized and applied in *Hayes'* case, *supra*, is thus distinctly stated:   "It is quite true that if the plaintiff had made any settlement or entered into any accord touching the injury complained of in his declaration, and now sought

to open the same on the ground of fraud, he would have to tender back any money which had been paid to him in consequence or by way of execution of the settlement or accord." Page 598. Butler contended that the money he received was for wages and for nothing else, and that he was induced to believe the paper he signed was simply an ordinary pay-roll acknowledging the receipt of money paid to him as wages actually due, independently of any claim for damages he might have against the company. Dealing with the case from his standpoint, this court very properly held that if the company entered into a settlement with him touching a matter unconnected with his claim for damages, and as to which they were in any event liable, but fraudulently procured him to sign a paper which purported to be a settlement of his claim for damages, no duty devolved upon him of tendering back the money he received and which he was entitled to keep as the fruits of the claim which was really the subject-matter of the settlement.

In the present case there is not a word in the plaintiff's evidence indicating that he held against the company any claim for wages owing to him for services already rendered or by reason of any special contract as to his employment whereby the company obligated itself to pay him his wages whether he worked or not. On the contrary, it appears that the company had paid him, prior to the settlement, all it owed him as wages for work actually performed; and certainly, in the absence of an express contract to that effect, the company was not bound—independently of its liability for inflicting personal injuries upon him—to pay him anything for "lost time." Therefore, it cannot be seriously contended that the settlement had no reference to the plaintiff's claim for personal injuries inflicted upon him, but was in regard to another and entirely distinct claim which Burke held against the company and which it, in any event, was bound to pay. Indeed, the verdict itself, as above shown, is conclusive against him on this very point.

If the company did, in fact, perpetrate a fraud upon him, and he desires to set the settlement aside on that ground, he must in good faith attempt a rescission by tendering back what he received under the settlement he now repudiates. The writing itself plainly shows to what contract the company gave its assent. The fact that the plaintiff was fraudulently induced to sign that contract, may give him a right to set it aside. It can, in no event, afford him a basis for holding the company to a settlement which he was willing to make, but to which it did not in fact assent; and it certainly did not, if, as he insists, it fraudulently procured him to sign an altogether different contract. The minds of the parties never met, if the contention of the plaintiff be true. Courts have no power to make contracts for parties. To set·aside a contract procured by fraud is as far as even a court of equity can go.

We deem further comment unnecessary, for the reason that the opinion in the *Butler* case so plainly shows the distinction between that case and the class of cases to which the present case belongs, we could not hope to more clearly state the points of difference.  *Judgment reversed.*