### 13501.   MACKLE CONSTRUCTION CO. *v.* WYATT.

1. In a suit for damages for personal injuries an allegation of special damage in a named sum, the amount of a physician's bill, is not subject to special demurrer upon the ground that the items constituting the charge are not specifically set forth; nor is an allegation of damages for " expenses " of "nursing and being cared for," to the amount of an aggregate sum stated, demurrable upon the same ground, the terms quoted not implying separate items. *Central Georgia Power Co.* v. *Stubbs,* 141 *Ga.* 172 (3) (80 S. E. 636); *Central Georgia Power Co.* v. *Fincher,* 141 *Ga.* 191 (2) (80 S. E. 645).
2. An alleged item of damages merely for the board of the plaintiff is not recoverable in a suit for damages for personal injuries, nor are items of indebtedness incurred by the plaintiff for " board and attention " obtained in the home of his father, in the absence of an allegation showing why the defendant should be liable for such " board," or for such

"board and attention;" and the special demurrer to these demands of the plaintiff should have been sustained. *Georgia Ry. & El. Co.* v. *Gilleland,* 133 *Ga.* 621 (4) (66 S. E. 944).

3. The petition as amended set forth a cause of action, and the general demurrer thereto was properly overruled.

4. There was no merit in any of the grounds of special demurrer except that which is referred to in the second headnote, and the judgment is reversed solely for the error in overruling this ground.

DECIDED FEBRUARY 14, 1923. REHEARING DENIED MARCH 1, 1923.

Action for damages; from Fulton superior court — Judge George L. Bell. February 6, 1922.

*Norman I. Miller,* for plaintiff in error.

*H. B. Moss, George F. Gober, D. K. Johnston,* contra.

BELL, J.  Webb Wyatt sued Mackle Construction Company for damages because of personal injuries alleged to have been sustained by the plaintiff as a servant by reason of the negligence of the defendant as his master.  The defendant filed a demurrer upon grounds both general and special.  Plaintiff amended his petition sufficiently to meet all grounds of the demurrer which were *at that time* urged, and the same were properly overruled.  No question thus far was involved of sufficient interest to require any statement of the details either of the petition as amended or of the demurrers.  But the defendant having now filed an answer in which it pleaded an accord and satisfaction, as evidenced by a writing signed by the plaintiff, a copy of which was set forth in the answer, the plaintiff offered a new amendment, a part of which is as follows:  "He (plaintiff) has learned that the defendant sets up by way of accord and satisfaction a certain written document set out by copy as Exhibit 'A,' following paragraph seven of his answer, purporting to have been signed August 6, 1917, by plaintiff and to be in full settlement, accord and satisfaction of his damages.  Plaintiff shows that after he was injured by the defendant on July 9, 1917, both the superintendent Garrett and the paymaster A. B. Turner, paymaster, bookkeeper and office man of said defendant, informed plaintiff that his time would go on and that he would receive his pay each week just as if he were able to work; that at the end of each week, under the rules and custom of the defendant company, his pay would come to him as if working.  Accordingly, for two or three weeks he did receive just the same amount each pay day as if at work. · An estimate was made of how much each man working on the same job received,

and the same amount was paid to plaintiff as wages. Finally at one pay day Mr. Turner, the paymaster, informed plaintiff that he had been overlooked, but assured him that at the next pay day he would get two week's wages to make him straight, even with the others. On the next succeeding pay day, plaintiff went to the office of the defendant, at which time Mr. A. B. Turner, the paymaster and bookkeeper of the defendant, stated that plaintiff's money had come, but since he was paying him two weeks pay at one time, it would be necessary for plaintiff to sign a receipt for it, so that he, Turner, could keep his books and cash accounts straight. This was on or about August 6th, 1917. Plaintiff received $51.75, the exact amount that the other carpenters had made during the two weeks, which amount was paid to plaintiff as his wages for two weeks.

" Plaintiff was suffering from his injuries, was strapped from his waist to his neck in strong heavy bandages, his eyes weak from pain and loss of sleep, and it was necessary for him to use two crutches to be able to come to the office of defendant to receive this pay. He had come in about eight miles on a jolting street-car, had walked on these crutches from the car to the Grant building, and was completely exhausted when he reached the office of the defendant. Plaintiff is uneducated and could read and understand writing only with difficulty when in his normal condition. He was in a condition to be easily imposed upon. While plaintiff was in this condition the said A. B. Turner, in behalf of his principal, the defendant Mackle Construction Company, presented to plaintiff what he said was a receipt for his two weeks' pay. Plaintiff did not attempt to read the paper, nor could he have read it if he had tried, but, relying upon the said Turner and believing his statement that the paper was simply a receipt for the two weeks' pay as wages, plaintiff signed said paper as presented, believing that the same was what A. B. Turner told him it was, a receipt for two weeks' pay. It now develops that plaintiff was overreached, deceived, and his condition taken advantage of by the defendant's agent, Turner, and that said Turner procured from plaintiff what now develops to be a receipt and acquittance for his damages. This paper is absolutely false and untrue. Plaintiff never did receive anything from defendant nor its agents nor from any one else in settlement of his damages. The act of signing

said paper was brought about by mistake on the part of plaintiff and by the fraud and deceit practiced by the defendant through its agent Turner, and does not speak the truth. Settlement of plaintiff's damages was not so much as mentioned at the time said paper was signed and plaintiff never knew that defendant claimed to have such paper until the same was set out in said answer as an exhibit. Wherefore plaintiff charges that said paper is void, is without consideration, and, having been obtained by fraud, is in no way binding upon him and should be disregarded altogether."

This amendment being allowed, the defendant renewed its original demurrer, and again demurred both generally and specially. One ground of the special demurrer attacks certain items of expense which the plaintiff, in a *prior* amendment, alleged he had incurred for " board and attention," first in the home of a Mr. Turner, which he claims to have paid, and secondly in the home of plaintiff's father, for which plaintiff alleges he is indebted. The demurrer insists in effect that these items are not shown to be chargeable against the defendant. We are of the opinion that this ground of the demurrer should have been sustained. No facts are alleged by which the defendant's liability for these items is made to appear. It is not sufficiently shown that they were the result of plaintiff's injury or rendered necessary by it, especially so as to the item for board. This was a living expense, and, whether he was injured or not, he would have had to incur some expense upon this account. It is not shown that such expense for board was rendered larger than would have been necessary had no injury to him occurred. For plaintiff merely to allege that these expenses were incurred " after this injury " was not enough to show a cause of action against the defendant therefor.

There was no merit in any of the other grounds of the special demurrer.

By way of amplification of the general demurrer, it is urged therein that the facts alleged in the petition are insufficient to constitute any fraud by the defendant, and that it does not appear that the plaintiff paid or tendered to the defendant the amount received by the plaintiff, as shown in the amendment, before the commencement of the suit.

Here we arrive at the two principal questions of the case, the

first of which we think is settled by the case of *Dannelly* v. *Cuthbert Oil Co., 131 Ga.* 694 (63 S. E. 257), from which we quote only the first headnote, as follows: "If a person who was illiterate and could read and understand writing only with difficulty when in his normal condition, and who, by reason of his physical and mental condition resulting from a personal injury and being under the influence of opiates administered to relieve his pain, was unable to read, was, while in such condition, induced by the fraud of the other party to a contract between them to sign a writing as evidencing such contract, but which in fact omitted some of the material terms thereof, he may maintain an equitable petition to have the writing reformed so as to speak the truth of the agreement made."

On the question of tender, there are many cases holding that where an accord and satisfaction is fully executed, the party receiving money from the other can not rescind on the ground of fraud without refunding or offering to refund the money which was the fruit of the accord and satisfaction, and it is held in the case of *Western & Atlantic Railroad Co.* v. *Burke, 97 Ga.* 560 (25 S. E. 498), that the plaintiff, who under such circumstances had received from the defendant money which he understood was paid for "lost time," could not avoid the plea of accord and satisfaction upon the ground of fraud, without offering to restore the sum so received by him. And in that case it was suggested that his lost time would be an important element in determining his damages if the plaintiff was liable. But it was said also, " It is indisputably clear that damages resulting from personal injuries were the subject-matter to which the settlement related." In the present case we think that the money which the plaintiff received related to an entirely distinct subject-matter from that of the damages alleged. According to his allegations it was nothing more nor less than a gratuity for which he understood he was merely giving a receipt. The principle of restoration seems to rest upon the idea at least of a contract. Civil Code (1910), § 4305. A mere receipt is not a contract. *Pettyjohn* v. *Liebscher, 92 Ga.* 149 (2), 152 (17 S. E. 1007); *Crider* v. *City Supply Co., 16 Ga. App.* 377 (85 S. E. 350). If the sum received by him was simply a gift or gratuity, unrelated to the question of damages,— and this we think it was, under the allegations of the petition as

amended,— he did not owe it to the defendant to make a restoration thereof before avoiding the effect of the document which the Construction Company pleaded as an accord and satisfaction, but which he alleges he was led by the fraudulent representations of the defendant's agents to believe was only a receipt for the gratuity so extended. It is our opinion that the case at bar is clearly distinguishable from the *Hayes* case.

In *Devoe* v. *Best Motor Co.,* 27 *Ga. App.* 619 (109 S. E. 689), this court held, though by a divided bench, that the plaintiff, who had received from the defendant a sum of money upon the defendant's statement that " we will give you $50 to rest up a few weeks," was not required to offer a restitution before bringing his suit, in order to avoid a writing which the defendant pleaded as an accord and satisfaction, but which the plaintiff claimed he was led by the fraud of the defendant to believe was only a receipt for the sum of money stated.

In *Atlantic Coast Line R. Co.* v. *Adeeb,* 15 *Ga. App.* 842, 848 (84 S. E. 316), it was said by Judge Wade: "It is contended that a return or tender of the money received by the plaintiff in consideration of the execution of the release was necessary before bringing the action. The evidence as a whole authorized the inference, evidently drawn by the jury, that the money paid to the plaintiff, if accepted by her at all, was not accepted on account of the injuries which she suffered, and that when she signed the release offered in evidence by the defendant to support its special plea of settlement, she did not enter into the particular contract therein set out, and did not intend to make, and did not actually make, a contract of any kind whatsoever with the defendant, but simply signed her name to a blank release, afterwards filled out, without knowledge on her part that it was a release, or a contract by which she undertook to do or refrain from doing anything whatsoever on account of her injuries." See also *G. S. & F. Ry. Co.* v. *Adeeb,* 15 *Ga. App.* 831 (2) (84 S. E. 323).

The principles laid down by Mr. Chief Justice Bleckley in *Butler* v. *Richmond & Danville R. Co.,* 88 *Ga.* 594 (15 S. E. 668), are quite pertinent to the questions here involved, and we quote therefrom as follows: " It is quite true that if the plaintiff had made any settlement or entered into any accord touching the injury complained of in his declaration, and now sought to open the same

on the ground of fraud, he would have to tender back any money which had been paid to him in consequence or by way of execution of the settlement or accord. *East Tenn. &c. Ry. Co.* v, *Hayes,* 83 *Ga.* 558. The reason is, that to attack a contract on the ground of fraud involves an admission that such a contract was made, and also an election to rescind it; and the rule of rescission always is, that the opposite party must be placed in statu quo. But where the plaintiff, instead of attacking a contract for fraud, merely attacks a writing which purports to embody such a contract, and alleges that his signature to the writing was appended without knowledge of its contents and under the belief that he was signing another document, he neither admits that the contract was made nor seeks to rescind it. His grievance is, not that he was induced by fraud to enter into a contract, but that a fraudulent advantage was taken of him by procuring his signature to a writing which purports to set forth a contract into which he never entered. On his theory, the money he received was no fruit of such a contract, and could not have been, because none such was ever made. The money, as he contends, was paid him as wages which he claimed then and still claims as due him under a previous and wholly different contract. Taking all he says as true, he has received nothing which he ought not to have had independently of any agreement, fraudulent or not fraudulent, touching his claim for damages on account of the personal injury sued for, and he denies distinctly that the contract set forth in the writing was ever made."

While in the instant case the money was not received as wages actually due as in the *Butler* case, neither was it a payment for "lost time" as in the *Burke* case. It was simply a gratuity, for which nothing was exacted of the plaintiff, either as a promise to do or to refrain from doing anything, or otherwise. See also *Dannelly* v. *Cuthbert Oil Co.,* supra.

It is therefore our conclusion that there was no error in overruling any of the demurrers, either general or special, except that ground of the special demurrer which is referred to in the second headnote; and solely for this error the judgment is reversed.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

## ON MOTION FOR REHEARING.

The cases relied upon in the motion for a rehearing have no application to a state of facts like those which are pleaded by the plaintiff in the case at bar. While the plaintiff alleged that he made no attempt to read the paper, he further averred he would have been unable to do so had he tried, and facts are pleaded supporting this conclusion. The petition was not subject to demurrer for showing that he made no effort to read, since it appears from the other averments that such attempt, if made, would have been ineffective and altogether useless.

With reference to "wages," it is distinctly disclosed that no wages were due, and while this term was applied, it was only a name for a gratuity. The sum was not paid for back time or lost time, but (considering the allegations as true) it was tendered and accepted under the defendant's representations that it was only in the nature of a gift, though not so called. It had no relation to the plaintiff's claim for damages — constituted no "element" thereof (as in *Western & Atlantic Railroad Co.* v. *Burke,* 97 *Ga.* 560, 25 S. E. 498), but was an entirely separate and distinct matter. It was neither paid nor received on account of any liability whatsoever by the defendant to the plaintiff. It follows that if the plaintiff was led to accept the money by the fraud of the defendant and under the circumstances alleged, his action may be maintained without a restitution. If he fails to establish by proof the averments made, questions would arise, of course, which are not now in the case.

These statements are made, of course, under the rule that upon demurrer the averments of the petition are to be taken as true.

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*