### 18949    GABLE *v.* CENTRAL OF GEORGIA RAILWAY CO.

STEPHENS, J. 1. In a suit for personal injuries, where the defendant pleaded as an accord and satisfaction a writing signed by the plaintiff purporting to be an agreement by which, for a certain amount of money paid to him by the defendant and received in full satisfaction for the injuries complained of, he released the defendant from all liability to him arising out of the injuries, and also pleaded in accord and satisfaction an agreement contained in the face of a check given by the defendant to him and endorsed and cashed by him, reciting that the check was received in full satisfaction of the injuries, and where the plaintiff offered amendments to the petition which alleged that, at the time of the execution of the alleged agreement of settlement and the acceptance of the check, the plaintiff, who was illiterate and could not read or write, was induced by the defendant to sign the agreement under a representation made to him that it was a receipt for a sum of money being paid to him by the defendant in satisfaction of unpaid wages due him and as a gratuity to him because he had been unable to earn any money since the injury, that he was at that time in great physical and mental pain and his mind was not normal, as a result of the injuries received, and that by reason of this condition the defendant took advantage of him and obtained his signature to the writing alleged as an accord and satisfaction, that in reliance upon the representations made to him by the defendant he signed the written instrument, believing that it was a receipt for the money paid him at the time and which he believed was paid for wages due to him and as a gratuity, that he signed the instrument without knowledge that it was not such a receipt but was in fact an agreement to accept in full settlement of his injuries the money paid to him and release the defendant from all liability for damages arising out of the injury, that he entered into no agreement and accepted no check or money in satisfaction of his claim for damages, but agreed to accept and accepted the money and the check only in payment of

wages due him by the defendant and as a gratuity on account of his having been out of work and unable to earn money, the amendments did not allege a fraudulent procurement by the defendant from the plaintiff of a contract in accord and satisfaction, but alleged that the plaintiff's signature to the writing was fraudulently procured by the defendant, without the plaintiff's knowledge of the contents of the writing and under a belief, fraudulently induced by the defendant, that the plaintiff was signing a receipt for money representing wages and a gratuity, and not a contract in settlement of his claim for damages against the defendant. The plaintiff therefore was not required, as a condition precedent to his right to attack for fraud the procuring of the execution by him of the alleged agreement in accord and satisfaction represented both by the writing and the check, to refund to the defendant the money which the defendant had paid to him pursuant to the alleged agreement in accord and satisfaction. *Butler* v. *Richmond & Danville Railroad Co.*, 88 *Ga.* 594 (15 S. E. 668); *Mackle Construction Co.* v. *Wyatt*, 29 *Ga. App.* 617 (116 S. E. 877). The cases of *East Tennessee, Virginia & Georgia Railway Co.* v. *Hayes*, 83 *Ga.* 558 (10 S. E. 350), and *Western & Atlantic Railroad Co.* v. *Burke*, 97 *Ga.* 560 (25 S. E. 498), are distinguishable. The court erred in striking on demurrer the amendments offered by the plaintiff.

2. In a suit to recover damages for personal injuries alleged as arising out of negligence of the defendant, where the defendant pleaded both the general issue and an alleged agreement between the defendant and the plaintiff in accord and satisfaction of the damages, the error of the court in sustaining demurrers to amendments offered by the plaintiff in the nature of replications attacking the alleged accord and satisfaction on the ground of fraud in its execution, and striking the amendments, did not render nugatory the subsequent trial upon both the plea of general issue and the accord and satisfaction, resulting in a verdict for the defendant.

3. The error in striking the plaintiff's amendments affects, and renders erroneous, the final judgment directing a verdict for the defendant, where the evidence under the plea of the general issue does not as a matter of law demand the verdict directed, and where it does not affirmatively appear that on another trial a valid and legal agreement of accord and satisfaction, untainted by the fraud as alleged by the plaintiff, will as a matter of law be established.

4. Where a railroad company, acting through its servants, is engaged in removing abandoned cross-ties and telegraph poles from its right of way beside its track, and loading them upon a trailer attached by a chain to a motor-car upon the track, and hauling them by means of the trailer drawn by the motor-car over the track, with the intention, on the part of the servants of the railroad company engaged in this work, to haul the cross-ties and telegraph poles to places along the track, where they are to be thrown over for the purpose of being used by some of these employees, including the one of them who is afterwards injured, for their own personal use as firewood, and where this service is performed by these employees with the consent of the railroad company and under orders from it, and the employees when so engaged are

working in the company's time and receiving pay for this service from the company, the employees, when so engaged, have not stepped aside from the performance of their duty as servants of the railroad company, and are not performing services for themselves by reason of the fact that the cross-ties and the telegraph poles which they are hauling are to be used by them for their own personal use and are, by consent of the railroad company, being conveyed to and thrown off at places which suit their convenience for such purpose, but in so doing they are acting in their capacity as servants of the railroad company in the prosecution of the company's business.

5. Where in such a case the trailer was heavily loaded by, and the chain used to draw it was furnished by, a servant of the railroad company, other than the one who was afterwards injured, and where, during the progress of the motor-car in drawing the trailer along the railroad-track, the chain which coupled the trailer to the motor-car broke, and one of the servants of the railroad company, who was riding on the motor-car in the discharge of his duty in connection with the operation of the motor-car and the trailer in hauling the material referred to, was, by a sudden lunge forward of the motor-car, due to its release from the drag of the trailer, thrown upon the railroad-track, behind the motor-car, and was there run upon by the advancing trailer and injured, the inference is authorized that the separation of the trailer from the motor-car by reason of the breaking of the coupling chain was due to the negligence of the railroad company through its servants whose duty it was to load the trailer and furnish a chain for the coupling, in overloading the trailer and in not furnishing a chain sufficiently strong to serve the purpose of drawing the trailer in safety and without breaking.

6. Although the injured servant may have known before he got upon the motor-car that the chain used to make the coupling was smaller and weaker than the chains usually used by the railroad company for this purpose, his risk in riding upon the motor-car was not necessarily so obvious that he as an ordinary prudent person, under the circumstances, could have observed and appreciated it. He therefore, when riding upon the motor-car, did not necessarily assume the risk incident to the negligence of the railroad company in not using a chain strong enough to draw the trailer in safety under the circumstances.

7. The evidence authorized the inference that the plaintiff's injuries were caused by the negligence of the defendant, and, the court having erred in striking the plaintiff's amendment attacking the alleged agreement in accord and satisfaction, the court erred in directing a verdict for the defendant. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 22, 1929.

*Porter & Mebane,* for plaintiff.

*John D. & E. S. Taylor, Maddox, Matthews & Owens,* for defendant.