19861. Industrial Life and Health Insurance Company *v.* Simmons.

Stephens, J. 1. Where suit was brought against an insurance company to recover all the premiums paid on a policy, upon the ground that the company had breached the contract of insurance by a cancellation of the policy and a refusal to accept further payment of premiums, evidence that the company had the reputation of repudiating its contracts of insurance was not relevant as tending to establish that the insurance company breached the contract which was the subject-matter of the pending suit. This evidence was not only irrelevant, but, from its character, was highly prejudicial to the defendant; and its admission, over objection thereto by the defendant, was error, prejudicial to the defendant, and requires the grant of a new trial.

2. Where, after the institution of a suit against a life-insurance company by the insured under a policy of insurance, to recover all the premiums paid on the policy, upon the ground that the company had breached the contract by a cancellation of the policy and a refusal to accept further payment of premiums, the defendant, through its agent, procured from the plaintiff, in consideration of a sum of money paid to the plaintiff, the plaintiff's signature to an instrument by the terms of which the plaintiff released the defendant from liability for all "claims and indebtedness" arising out of the policy, but the agent, when procuring the plaintiff's signature to the paper, informed the plaintiff that the money paid him was in payment of a claim due him under the policy, and the agent knew that the plaintiff could not read and write and was ignorant of the contents of the paper, and led the plaintiff to believe that in signing the paper he was renewing his policy, which the agent told him

had lapsed, and the agent delivered to the plaintiff a policy, thus fraudulently inducing the plaintiff to sign the paper, which was not a receipt for the payment of a claim under the policy, but was by its terms a contract releasing the defendant from liability on the old policy, there was no meeting of minds between the parties, and therefore the paper which the plaintiff was fraudulently induced to sign did not constitute a contractual agreement between the parties. Where the plaintiff afterwards, on the trial of the pending suit, sought to repudiate the paper as a contract between him and the defendant, it was not a condition precedent to the plaintiff's right so to do that the plaintiff tender back to the defendant company the sum of money which had been paid him as consideration for the execution of the paper. *Gable* v. *Central of Ga. Ry. Co.*, 39 *Ga. App.* 350 (147 S. E. 135).

3. Where the defendant pleaded in bar the contract evidenced by the paper which the plaintiff had executed, and where, upon the trial, there was evidence which authorized the inference that the execution of the paper was obtained under the circumstances narrated in paragraph 2 above, the defendant's plea of release was not authorized as a matter of law, but the jury was authorized to find that the plaintiff had not in fact made a contract releasing the defendant from any liability to the plaintiff.

4. There being evidence which would authorize the inference that the defendant insurance company had not breached the contract of insurance as alleged by the plaintiff, and the court having erred in admitting evidence as indicated in paragraph 1 above, it was error to overrule the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided February 18, 1930.

*Clifford E. Hay,* for plaintiff in error.
*James B. Burch,* contra.