23553. ATLANTA & WEST POINT RAILROAD COMPANY
*v.* ROBINSON.

DECIDED SEPTEMBER 21, 1934.

*Howell, Heyman & Bolding, Allen W. Post,* for plaintiff in error.
*Walter D. Sanders,* contra.

STEPHENS, J.   The defendant excepted to a judgment overruling a demurrer to the petition.   The petition alleges, that the plaintiff, who was a section-hand employed by the defendant, the Atlanta & West Point Railroad Company, was injured while riding on a motor-car running along the defendant's tracks, which was under the charge and control of a named person as foreman, and was used to convey employees of the company from one point to another, and that the plaintiff's injuries were the proximate result of the negligence of the defendant through its agent and employee, the said foreman, in running the motor-car over an open switch at a reckless and dangerous rate of speed, and in not keeping a lookout to ascertain whether the switches were open or closed; that the motor-car, when hitting the open switch, was derailed and the petitioner was thrown a distance of thirty feet or more in the air, and was thrown against the iron rails and wooden ties of the defendant railroad company, that the plaintiff's head hit a switch-frog with considerable violence, resulting in his losing consciousness and suffering concussion of the brain and fracture of the cranium, and other injuries, which caused the plaintiff to lose the use of his mental faculties, and that as a result of these injuries the plaintiff has not regained and will never regain in full the use of his mental faculties.   The petition further alleges, that about seven weeks after the said injuries were received and while the plaintiff was still confined to his bed and when his physical and mental condition was still weakened, a certain Mr. Davis, claim agent for the defendant railroad company, came to the home of the plaintiff, and by false representations as to the plaintiff's being reported by the company's physician as able to work, and there being a job waiting for him, and that said agent had brought the plaintiff the sum of $30 in payment of the time lost, and had a receipt which the claim agent wanted the plaintiff to sign, acknowledging that the plaintiff had been paid for the time lost, induced the plaintiff, who is an ignorant negro, unable to read or write, to sign by making his mark to a paper which the agent represented to be a receipt, but which the plaintiff later learned was an agreement releasing the railroad company from further liability for the injuries received by the plaintiff.

The defendant demurred to the petition, upon the ground that the petition failed to set out a cause of action and was otherwise insufficient in law, and upon the ground that the petition was defective in that it purported to set up a release executed between the plaintiff and the defendant for a consideration and failed to allege a tender of the consideration by the plaintiff to the defendant before the institution of the suit for damages for personal injuries.

The defendant dwells at length on the allegation in the petition in which the person who called on the plaintiff while he was in a weakened mental condition and induced him by misrepresentations to sign the paper is referred to as a "claim agent" instead of a "paymaster," and that the plaintiff should have known that if he was being compensated for lost time, the "paymaster," and not the "claim agent," would be the representative of the railroad company who would settle with the plaintiff, and that for this reason the plaintiff was aware of the fact that he was being paid the $30 in settlement of all claims against the railroad company as a result of the plaintiff's injuries, rather than as compensation for the time lost from work by reason of the injuries. The defendant contends that even if the plaintiff signed the alleged contract while non compos mentis, the alleged contract was not void, but voidable upon the removal of the plaintiff's disabilities, and that if the plaintiff desired to rescind, it was necessary for him to tender back to the defendant the consideration paid, before instituting the present suit. See *McClure Realty & Investment Co.* v. *Eubanks,* 151 *Ga.* 763 (108 S. E. 204).

Under the allegations of the petition the plaintiff entered into no contract of settlement or release with the defendant, but it was agreed between the parties that the plaintiff would be given money for lost time, in an amount equivalent to what he was earning as wages for the period of time lost, that his job was open for him, and that he would be replaced upon the job. Since the alleged contract of settlement was never agreed to, and there was no meeting of the minds as respecting it, and the plaintiff's signature thereto was induced by fraud of the defendant, in the belief by the plaintiff that he was executing the contract agreed to, the alleged contract of settlement constituted no contract at all and was a mere nullity. The plaintiff therefore may attack the alleged contract of settlement as a mere nullity, without the necessity of a restoration

by him of the money which he had received from the defendant under the agreement, as alleged by the plaintiff, that the money was being paid to him for lost time and that he would be restored to his job.

The money paid to the plaintiff was in payment for "lost time," as alleged in the petition. Although the defendant may have been under no legal obligation to pay it to the plaintiff, there is no allegation that it was actually paid in settlement of the plaintiff's claim against the defendant. It appears that the money was paid to the plaintiff for lost time while he was ill and unable to work. Since, as alleged in the petition, it was not paid under an agreement of settlement of the plaintiff's claim for damages, it necessarily was paid to the plaintiff as a gratuity only. Therefore, under the rule in *Mackle Construction Co.* v. *Wyatt,* 29 *Ga. App.* 617, 621 (116 S. E. 877), the plaintiff was under no obligation to restore this money to the defendant as a condition precedent to the plaintiff's right to attack the alleged agreement of settlement as being an absolute nullity and as constituting no contract at all, but as being fraudulently imposed upon the plaintiff in lieu of the contract that was actually made. See *Butler* v. *Richmond & Danville R. Co.,* 88 *Ga.* 594 (2) (15 S. E. 668); *Gable* v. *Central of Georgia Ry. Co.,* 39 *Ga. App.* 350 (147 S. E. 135). The case of *Western & Atlantic R. Co.* v. *Burke,* 97 *Ga.* 560 (25 S. E. 498), is distinguishable. In that case it does not appear that the plaintiff was by any fraud of the defendant induced to sign an instrument which contained stipulations different from what had been agreed on. It there appears that the plaintiff sought to avoid the agreement upon the ground that he could not read or write, and that he, in ignorance of the contents of the paper, signed it supposing it to be a receipt for money paid him for "lost time." See *Mackle Construction Co.* v. *Wyatt,* supra.

The petition sufficiently alleged that the proximate cause of the plaintiff's injuries was the alleged negligence of the defendant. The court therefore properly overruled the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*