25675. ATLANTA & WEST POINT RAILROAD CO. *v.* WISE.

DECIDED NOVEMBER 28, 1936.

*Heyman & Heyman, Stanford Arnold,* for plaintiff in error.

*Stonewall H. Dyer,* contra.

STEPHENS, J. ■ In the petition in this suit to recover damages for personal injuries alleged to have been sustained by the plaintiff as a result of alleged negligence in the operation of the defendant's railroad-train at a public crossing, it is alleged that at a designated number of feet from the crossing in the direction from which the train approached there was an embankment or cut of a designated height, upon which were bushes, grass, and weeds of a designated height, which cut off the view of the railroad-tracks from a person who approached the crossing, and which also rendered it difficult for the engineer of an approaching train to see a person or vehicle approaching the crossing. The petition contains allegations of fact that the cut or embankment with the described growth obstructed the view of approaching trains from the persons at the crossing, and obstructed the view of the engineer on the approaching train of persons or vehicles approaching across it. The allegations are not subject to demurrer on the ground that they fail to disclose the distance from the railroad-track to the embankment, so as to show whether the presence of the embankment with the growth thereon obstructed the view of an approaching train from a person approaching the crossing, or obstructed a person approaching the crossing from the view of the engineer of the approaching train. It is a question of fact for a jury whether a train which injured a person at a public crossing was being negligently operated in approaching the crossing at the "high, rapid and excessive" speed of sixty miles an hour, as described in the petition, or in approaching the crossing without ringing a bell or blowing a whistle, or without giving warning of some kind of the train's approach. The allegations are not subject to demurrer on the ground that they set forth no basis of legal liability against the defendant, and, in so far as it is alleged that the speed of the train was "high, rapid, and excessive," a mere conclusion of the pleader is stated. The petition, except in so far as hereinafter appears, set out a cause of action, and was good against the general and special demurrers.

■ Where the wife of a person who was killed by the operation of a train at a railroad crossing, signed, at the instance of a representative of the railroad company, a paper releasing the com-

pany from all liability to her for the homicide, in consideration of the payment to her of $25 in cash by the railroad company and the further payment to the undertaker of the funeral expenses of the husband, amounting to $75, she can not, without returning or offering to return to the company the amount which she received in settlement of the claim, rescind and repudiate the contract on the ground of fraud in the procurement of the settlement by an alleged misrepresentation to her, who could not read, by the representative of the railroad company, that "she was signing for her husband's funeral," and that the company would settle with her later. *East Tennessee, Va. & Ga. Railway Co.* v. *Hayes,* 83 *Ga.* 558 (10 S. E. 350) ; *Western & Atlantic Railroad Co.* v. *Burke,* 97 *Ga.* 560 (25 S. E. 498) ; *Petty* v. *Brunswick & Western Ry. Co.,* 109 *Ga.* 666 (35 S. E. 82) ; *Western & Atlantic Railroad Co.* v. *Atkins,* 141 *Ga.* 743 (82 S. E. 139). In a suit by the wife to recover damages for the homicide of her husband by a train of the defendant at a public crossing, alleged to have been caused by the negligence of the defendant, where the defendant pleaded the written release from the plaintiff, and she by amendment of her petition attacked the release as void on the ground that it was procured by fraud of the defendant upon her, the amendment failed to set out any right to invalidate the release on the ground of fraud where it was not alleged that the plaintiff had paid or even tendered to the defendant any of the money paid to her as a consideration for the settlement of her claim against the defendant. The petition as amended showed on its face an accord and satisfaction of the claim sued on, and failed to allege any right in the plaintiff to repudiate or set aside the settlement. Therefore the petition failed to set out a cause of action, and the court erred in overruling the general demurrer. The court having thus erred, the subsequent proceedings which resulted in a verdict and judgment for the plaintiff were nugatory.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*