26556. INTERSTATE LIFE & ACCIDENT CO. *v.* SHEDRICK.

DECIDED FEBRUARY 24, 1938.

J. T. Powell, Krauss & Strong, for plaintiff in error.

Ringel & Ringel, contra.

SUTTON, J. 1. "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Code, § 20-1201. "The accord and satisfaction must be of some advantage, legal or equitable, to the creditor, or it will not have the effect of barring him from his legal rights. The acknowledgment of a disputed title, or the securing of a doubtful claim, would be such an advantage." Code, § 20-1203.

2. It is the general rule that where one party receives money from another under an accord and satisfaction, he can not avoid the settlement on the ground of fraud without restoring or offering to restore the money which was the fruit of the accord and satisfaction. *Strodder* v. *Southern Granite Co.*, 94 *Ga.* 626 (19 S. E. 1022) ; *W. & A. Railroad Co.* v. *Burke*, 97 *Ga.* 560 (25 S. E. 498) ; *Petty* v. *Brunswick Railway Co.*, 109 *Ga.* 666 (35 S. E. 82) ; *Harley* v. *Riverside Mills*, 129 *Ga.* 214 (58 S. E. 711) ; *Western & Atlantic R. Co.* v. *Atkins*, 141 *Ga.* 743 (2) (82 S. E. 139) ; *Burgamy* v. *Holten*, 165 *Ga.* 384, 396 (141 S. E. 42) ; *Atlanta & West Point R. Co.* v. *Wise*, 54 *Ga. App.* 666, 668 (188 S. E. 915). "If any exception to this general rule results from inability, by reason of poverty, to restore the money, it is only where the fraud is not discovered, or the mental disability continues, as the case may be, until after the money has been expended or otherwise put beyond the power and control of the plaintiff. To use and appropriate the money with knowledge of the imposition would be a ratification of the settlement." *Strodder* v. *Southern Granite Co.*, supra; *Strodder* v. *Southern Granite Co.*, 99 *Ga.* 595 (27 S. E. 174) ; *Redmond* v. *Atlanta & Birmingham Railway*, 129 *Ga.* 133, 143 (58 S. E. 874).

3. The petition in the present case, where the wife of the deceased insured brought suit to recover the balance of an amount

she alleged to be due under the policy, shows that she voluntarily, and without any duress on the part of the agents of the defendant insurance company, signed a release or accord and satisfaction of her claim, and that she had not restored or offered to restore the sum she had received as a compromise of her claim, her only excuse being that the money paid her was represented by the agents of the insurer as being a part payment, that she was an uneducated negro woman, and, while able to read to a small extent, was not able to read and did not read the instrument which was signed in a dimly-lighted room, and had spent the money and was unable to make restitution. Construing the petition most strongly against the plaintiff, as must be done on general demurrer, and without allegations to the contrary, it must be treated as if she spent the money, and thereby rendered herself unable to make restitution, after her alleged discovery that she had signed a release of her claim, and not merely a receipt for part payment, as she alleged the agents represented the amount given to be, and such conduct on her part amounts to a ratification of the settlement which was evidenced by the instrument which she signed. *Strodder* v. *Southern Granite Co.,* supra; *Gibson* v. *Alford,* 161 *Ga.* 672 (5) (132 S. E. 442). The court erred in overruling the general demurrer, and all proceedings thereafter were nugatory. The cases cited by the defendant in error, such as *Butler* v. *Richmond & Danville Railroad Co.,* 88 *Ga.* 594 (2) (15 S. E. 668); *Farnell* v. *Brady,* 159 *Ga.* 209 (162 S. E. 500), and *Ga. So. & Fla. Ry. Co.* v. *Adeeb,* 15 *Ga. App.* 831 (84 S. E. 323), where the sum paid the plaintiff was under a separate and distinct demand or consideration from that sued on, are distinguishable.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*