31219.   ROBERTS *v.* SOUTHERN RAILWAY COMPANY.

DECIDED APRIL 25, 1946.

L. A. Whipple, Ringel & Ringel, D. W. Krauss, for plaintiff.
W. S. Mann, J. F. Floyd, for defendant.

PARKER, J.   Mrs. Carolyn Roberts sued the Southern Railway Company for damages for personal injuries alleged to have been sustained by her while riding as a passenger on a train of the defendant.   She alleged certain acts of the railroad, its servants, agents and employees, as negligence and as the proximate cause of her injuries.   The defendant demurred generally and specially to the petition, and filed an answer which included a plea of accord and satisfaction.   This plea was based upon a written release executed by the plaintiff to the defendant, forever discharging the defendant from any and all claims or causes of action arising out of or in connection with the personal injuries sustained by the plaintiff, and upon a draft for $25 (the consideration of the release) given by the defendant to the plaintiff.   The draft was duly cashed by the plaintiff:   It recited that it was "in full settlement for all claims and damages" sustained by the plaintiff at the place and on the date her alleged injuries were received.   The defendant also made a written motion praying that the plaintiff be required to plead in reply to the defense of accord and satisfaction as set up by it.   Without invoking any ruling of the court on this motion, the plaintiff filed an amendment to meet the demurrers, and added another paragraph to her original petition; alleging fraud on the part of the railroad in taking the release, and making a tender of the money paid by the defendant to the plaintiff for the release.   The defendant demurred to the petition as amended on the grounds, that it showed that the plaintiff's claim had been settled by the contract of accord and satisfaction, that her allegations of fraud in the procurement of the release were insufficient to authorize setting it aside, and that there was no tender, before the filing of the suit, of the amount paid by the defendant to the plaintiff for the release.

The court sustained the demurrer to the petition as amended and dismissed the petition.   The plaintiff excepted to that ruling. The only question for decision by this court is whether the lower court was correct in sustaining the demurrer and dismissing the petition.

■   We think that this case is controlled by the well-settled rule that generally a restoration or offer to restore must be made promptly upon discovery of the fraud, and before the suit is filed, by one seeking the rescission of a contract on the ground of fraud.

"A contract may be rescinded at the instance of the party defrauded; but in order to rescind, he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code, § 20-906. "A contract will not be set aside on the ground of fraud in its procurement, at the instance of one who has neither restored nor offered to restore the fruits thereof." *Petty* v. *Brunswick & Western Ry. Co.,* 109 *Ga.* 666(5) (35 S. E. 82). "One who, for valuable considerations, including the payment to him of a given sum of money, has released another from all further liability for personal injuries sustained by the releaser, can. not, even upon legal grounds, obtain a rescission of such contract of release, and recover upon the original cause of action, without first restoring, or offering to restore, to the releasee what he paid for such release." *Harley* v. *Riverside Mills,* 129 *Ga.* 214 (58 S. E. 711). This court has ruled that a wife could not recover damages for the homicide of her husband, by a train of the defendant at a public crossing, alleged to have been caused by the negligence of the defendant, where the defendant pleaded a written release from the plaintiff, and she by amendment of her petition attacked the release as void on the ground that it was procured by the fraud of the defendant practiced upon her, her amendment failing to allege that she had paid or tendered to the defendant any of the money received by her as a consideration for the release. See *Atlanta & West Point R. Co.* v. *Wise,* 54 *Ga. App.* 666(2) (188 S. E. 915). "In an action to recover damages for personal injuries, it appearing that the parties had, before the action was brought, agreed upon a settlement under which plaintiff received a sum of money in satisfaction of his injuries, and in which he released all right of action for further damages, he could not successfully reply by showing that the agreement of release was obtained by defendant's fraud, without also showing that, *before commencing suit,* he had tendered to the defendant the sum received with demand of return of what defendant had received from him, thus rescinding the settlement." (Italics ours.) *East Tennessee &c. Ry. Co.* v. *Hayes,* supra. It has been held that in no event could a plaintiff maintain an attack on a release pleaded as an accord and satisfaction by the defendant, in the absence of proper allegations in his petition, and an offer

on his part, *prior to the commencement of the suit,* to rescind, and a tender back to the defendant of the amount which it had paid in order to obtain such release. See *Pennsylvania Casualty Co.* v. *Thompson,* 130 *Ga.* 766, 769 (61 S. E. 829). "Where an action was brought to recover damages for a personal injury, and the defendant pleaded a written release, based on a valuable consideration, as being an accord and satisfaction, the plaintiff could amend his petition by adding allegations to the effect that the release was procured by fraud and should be set aside and not prevent a recovery on the original cause of action, and that the amount received by the plaintiff had been tendered to the defendant *before the suit was brought."* (Italics ours.) *Western & Atlantic R. Co.* v. *Atkins,* 141 *Ga.* 743 (82 S. E. 139). The reason' for the rule requiring a restoration or offer to restore, before attacking a contract on the ground of fraud, is that the attack amounts to an admission that such contract was made, and involves also an election to rescind it; "and the rule of rescission always is that the opposite party must be placed in statu quo." *Butler* v. *Richmond & Danville R. Co.,* 88 *Ga.* 594, 598 (15 S. E. 676). This rule of law as to the rescission of a contract procured by fraud is the same in equity. "One who seeks rescission of a contract on the ground of fraud must restore, or offer to restore, the consideration received thereunder, as a condition precedent to bringing the action; and a petition which fails to allege restoration or offer to restore before institution of the suit is demurrable." *Williams* v. *Fouche,* 157 *Ga.* 227 (121 S. E. 217). An offer to restore, made for the first time in the bill of complaint, is not sufficient. See *Cabaniss* v. *Dallas Land Co.,* 144 *Ga.* 511(1a) (87 S. E. 653). While there are exceptions to this general rule, based upon equitable reasons, no allegations are made bringing this case within any of the exceptions. *East Tennessee &c. Ry. Co.* v. *Hayes,* supra.

The release acknowledging full settlement of the plaintiff's claim, and the draft given to the plaintiff as the consideration for it, were executed on June 17, 1945. The suit was filed on July 13, 1945, within less than 30 days after the release was signed. The amendment of the plaintiff tendering the $25 received by her for the release was filed on November 17, 1945, exactly five months after the money was received, and more than four months after

the filing of the suit. If there was any fraud in the procurement of the release, we think that it was necessarily discovered by the plaintiff before the filing of the suit, and it was incumbent upon her to restore or offer to restore to the defendant the consideration for the release promptly upon the discovery of the fraud. We think that the tender of the money by the plaintiff for the first time in her amendment, five months after it was received and about four months after the suit was filed, was too late to effect a rescission of the contract of release and avoided it in the pending action. Furthermore, there is ample authority, and some of the cases are cited herein, to the effect that a tender would have to be made before the commencement of the suit. We think, therefore, that the trial court was right in sustaining the general demurrer to the petition because there was no payment or tender of the money received by the plaintiff under the release executed by her promptly upon her discovery of the alleged fraud and before the commencement of the action. Even if it be conceded that the release was obtained by fraud, the plaintiff was compelled, under the rules of law applicable to this case, to repay or tender to the defendant the money received under the contract before bringing an action the effect of which was to set it aside. We have considered all of the arguments and the authorities presented by counsel for the plaintiff in their briefs. It is sufficient to say that they have cited no statutes or cases, applicable to the facts of this case, which require or authorize a different ruling.

Since we are affirming the judgment sustaining the general demurrer and dismissing the case on the ground stated herein, it is not necessary to decide whether the allegations of the plaintiff's amendment were sufficient to show such fraud as would avoid the release contract. In view of our ruling that the failure of the plaintiff to rescind the release agreement before the filing of her suit, either by payment or tender of the money received for the release, was fatal to her cause of action, it is unnecessary to decide any other questions as to the sufficiency of the plaintiff's pleadings.

■ The plaintiff makes the contention that the trial court could not, in passing upon the demurrer to the petition, consider the plea of accord and satisfaction which had been filed by the defendant. It is true that a court will not consider an answer, as

such, of a defendant to a petition in passing upon a demurrer to the petition. But where, as in this case, a plaintiff amends her original petition by admitting that she executed a release to the defendant, and seeks to avoid it as an accord and satisfaction, pleaded by the defendant, her amended petition must be considered as a whole, including her admission that the contract was made as well as the attack which she makes upon it. If it appears from the petition as amended that the plaintiff executed the contract set up and relied on by the defendant as an accord and satisfaction, and the plaintiff fails to allege facts which are sufficient to overcome or avoid the plea, the demurrer to the amended petition will be sustained. Physical precedents for the action of the court in sustaining the demurrer to the petition in this case, after the plaintiff had amended it by adding allegations admitting the release and seeking to avoid it, are found in *Morris* v. *Seaboard Air Line Ry.,* 23 *Ga. App.* 554 (99 S. E. 133), and *Atlanta & West Point R. Co.* v. *Wise,* supra.

*Judgment affirmed. Sutton, P. J., concurs.*

FELTON, J., concurring specially. I concur in the judgment, for the reason that the plaintiff's petition as amended does not allege that she did not know the provisions contained in the draft and receipt at the time of the filing of the action. While she alleges that she could not and did not read the receipt, it will not be inferred as against a demurrer that she could not and did not read the draft or have it read to her. If the allegations had shown that the plaintiff did not know the nature of the releases she signed until they were pleaded by the defendant, and had alleged good reasons why she did not, I do not think that a tender before the action was filed would be required, but that a tender as soon as she knew of such papers would be sufficient. The petition does not show when the draft was cashed, and that alone would not authorize a conclusion that she discovered a fraud before the draft was paid. The rule is that tender usually must be made before an action is filed. To bring herself within the exception, the plaintiff must allege that she was ignorant of the fraud at the time she filed the action. This she does not do.