34402. DREW *v*. LYLE.

DECIDED MAY 2, 1953.

*Haas, Hurt & Peek,* for plaintiff in error.

*Fraser & Shelfer,* contra.

WORRILL, J. "Where a plaintiff amends her original petition, admitting the execution of a release pleaded by the defendant as an accord and satisfaction, and seeks to avoid it on the ground of fraud, the court, in passing on a general demurrer, will consider the petition as amended, including the admission of the contract with the attack made on it." *Roberts* v. *Southern Ry. Co.,* 73 *Ga. App.* 759 (2) (38 S. E. 2d 48).

It is the contention of the defendant in error that the petition as amended shows that she did not enter into any contract of accord and satisfaction with the defendant respecting her claim for personal injuries, but that what she *thought* she was signing was merely a receipt for a payment of a sum claimed against the defendant for damages to her husband's automobile. It is not contended, however, that this claim arose out of another transaction, or that she had any claim against the defendant other than one growing out of the collision which is the subject matter of her suit. The contract she signed speaks for itself. She alleges no reason why she did not read the instrument before she signed it. One who can read must read or show a legal excuse for not doing so in order to avoid the effects of contracts signed by him. *Lewis* v. *Foy,* 189 *Ga.* 596, 598 (6 S. E. 2d 788). The instrument before this court shows clearly that what the plaintiff signed was a release of all her claims against the defendant growing out of the very occurrence which she seeks to set up in this action as grounds for a recovery. As pointed out above, the allegations of the petition fail to show that the plaintiff had any claim against this defendant other than the one growing out of this occurrence. Such being the facts, the case is clearly distinguishable from *Butler* v. *Richmond & Danville Ry. Co.,* 88 *Ga.* 594 (15 S. E. 668), *Mackle Construction Co.* v. *Wyatt,* 29 *Ga. App.* 617 (116 S. E. 877), and *Gable* v. *Central of Ga. Ry. Co.,* 39 *Ga. App.* 350 (147 S. E. 135), relied on by the defendant in error. In each of those cases it appears that the plaintiff had another and distinct claim against the defendant, which he thought was being paid and for which

he thought he was receipting when he signed the purported release. Likewise, in each of those the pleadings or the facts showed reasonable grounds for excusing the plaintiff from reading the instrument at the time he signed it.

In the instant case none of these facts obtain. As was said in *W. & A. R. Co.* v. *Burke,* 97 *Ga.* 560 (25 S. E. 498): "There is a very clear distinction between this case and that of *Butler* v. *R. & D. R. R. Co.,* 88 *Ga.* 594. In the opinion therein delivered by Chief Justice Bleckley, the doctrine which governs the present case, and which was recognized and applied in *Hayes'* case, supra [*East Tennessee &c. Ry. Co.* v. *Hayes,* 83 *Ga.* 558 (10 S. E. 350)], is thus distinctly stated: 'It is quite true that if the plaintiff had made any settlement or entered into any accord touching the injury complained of in his declaration, and now sought to open the same on the ground of fraud, he would have to tender back any money which had been paid to him in consequence or by way of execution of the settlement or accord.' Page 598. Butler contended that the money he received was for wages and for nothing else, and that he was induced to believe the paper he signed was simply an ordinary pay-roll acknowledging the receipt of money paid him as wages actually due, independently of any claim for damages he might have against the company. Dealing with the case from his standpoint, this court very properly held that if the company entered into a settlement with him touching a matter unconnected with his claim for damages, and as to which they were in any event liable, but fraudulently procured him to sign a paper which purported to be a settlement of his claim for damages, no duty devolved upon him of tendering back the money he received and which he was entitled to keep as the fruits of the claim which was really the subject-matter of the settlement.

"In the present case there is not a word in the plaintiff's evidence indicating that he held against the company any claim for wages owing to him for services already rendered or by reason of any special contract as to his employment . . . whether he worked or not. . . Therefore, it cannot be seriously contended that the settlement had no reference to the plaintiff's claim for personal injuries inflicted upon him, but was in regard to another and entirely distinct claim which Burke

held against the company and which it, in any event was bound to pay." See also, in this connection, *Petty* v. *Brunswick Ry. Co.*, 109 *Ga.* 666, 675 (5) (35 S. E. 82), and *W. & A. R. Co.* v. *Atkins*, 141 *Ga.* 743, 746 (82 S. E. 139). In accordance with these authorities, and in view of the allegations of the petition as amended, which show that the plaintiff had no claim against the defendant other than the one growing out of the occurrence complained of in the petition, the plaintiff cannot seriously contend that the settlement and payment, referred to in the instrument referred to by her in her amendment, had reference to anything other than her claim for personal injuries inflicted upon her in the occurrence in question. That instrument constituted a full and complete accord and satisfaction of all her claims against the defendant growing out of the collision, and her failure to allege a return or tender back to the defendant of the benefits received under that contract subjected her petition to demurrer on that ground. Code § 20-906; *East Tennessee &c. Ry. Co.* v. *Hayes*, 83 *Ga.* 558 (10 S. E. 350); *Roberts* v. *Southern Ry. Co.*, 73 *Ga. App.* 759 (1) (38 S. E. 2d 48).

It follows that the trial court erred in overruling the general demurrer to the petition as amended.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*