## WESTERN & ATLANTIC RAILROAD CO. *v.* ATKINS.

1. Where an action was brought to recover damages for a personal injury, and the defendant pleaded a written release, based on a valuable consideration, as being an accord and satisfaction, the plaintiff could amend his petition by adding allegations to the effect that the release was procured by fraud and should be set aside and not prevent a recovery on the original cause of action, and that the amount received by the plaintiff had been tendered to the defendant before the suit was brought.

(*a*) The allegations of the plaintiff's amendments on the subject of fraud were not open to objection on the ground that they were not sufficient to authorize the avoidance of the release.

2. If an injured person, who has been induced by fraud to sign a release of all claim for damages and to receive a sum of money therefor, desires to avoid the release and sue on the original cause of action, he must tender back the consideration received by him.

3. Where a person who was injured by a railroad-train settled his claim for damages, signing a written release and receiving a sum of money, if he afterward sought to avoid the release on the ground that it was procured by fraud, it was not a sufficient tender of the consideration to tender it to a local agent of the railroad company having charge of an office or offices in the county where the injury occurred, but who had nothing to do with settling damage claims against the company and no authority to accept the tender.

(*a*) An offer by counsel for the plaintiff, during the trial of a suit brought to recover damages for the injury, to pay the amount received by the plaintiff for the release to the local counsel for the defendant trying the case, but having nothing to do with the settlement of claims for damages prior to suit, and no authority to accept the tender, was not sufficient to cure the failure to make a proper tender.

MAY 19, 1914. REHEARING DENIED JUNE 16, 1914.

Action for damages. Before Judge Patterson. Cobb superior court. May 7, 1913.

Cam Atkins brought suit against the Western and Atlantic Railroad Company, to recover for an injury to himself, resulting from a collision with a train. The defendant pleaded accord and satisfaction, setting up a written release from the plaintiff for all the damages arising from the occurrence in question, in consideration of fifty dollars. The plaintiff amended his petition by attacking the release as having been procured by fraud, and alleging that upon the discovery of the fraud he had immediately tendered to the defendant, before bringing suit, the amount paid to him. The defendant objected to the two amendments on that subject which the plaintiff offered, on the ground that they sought to set up a new cause of action, and also that they were insufficient to authorize the setting aside of the contract of release. The objections were overruled and the amendments allowed. The jury found for the plaintiff. The defendant moved for a new trial, which was refused, and it excepted.

*D. W. Blair,* for plaintiff in error.

*George F. Gober* and *Charles H. Griffin,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. In jurisdictions where the distinction between courts of law and courts of equity has been abolished, it is generally held that in an action for damages, where a release has been procured by fraud, relief may be had in the same proceeding, by incorporating in the petition a count to set aside the release. 6 Thompson on Corporations (2d ed.), § 7380. In this State the code declares, that, on the trial of any civil case, the superior courts shall give effect to all the rights of the parties, legal or equitable or both, and apply such remedy or give such relief as the nature of the case may allow or require. Civil Code (1910), §§ 5406, 5407. The plaintiff having sued for damages, and the defendant having pleaded a release, based upon a consideration, as an accord and satisfaction, it was competent for the plaintiff to amend his petition by alleging that the release was procured by fraud. *Southern Railway Co.* v. *Nichols,* 135 *Ga.* 11 (68 S. E. 789). The amendments made were not subject to the objection that they were not sufficient to authorize the avoidance of the release.

2. There is some conflict among the authorities as to whether an injured person, who receives money or property as a consideration for a release of liability, is bound to tender it back, if he seeks to obtain relief against the release. 3 Elliott on Railroads (2d ed.), § 1377. In this State the decisions take position with that class of authorities which holds that, in order to obtain a rescission of the contract of release and recover upon the original cause of action, restoration or tender of the amount paid for the release is necessary. *Harley* v. *Riverside Mills*, 129 *Ga.* 214, 216 (58 S. E. 711), and citations.

3. The tender must generally be made to the releasee who made the payment, or to some person having authority to receive the tender for him. 38 Cyc. 156, 157; Civil Code (1910), § 1910. In this case the settlement was made with the injured person, prior to the bringing of the action, by an employee of the railroad company who testified that he was its "law agent." The plaintiff's attorney testified that on the day after the making of the release, when he learned of it, he obtained from the plaintiff the fifty dollars which had been paid to him, and tendered it to the agent of the railroad company who had charge of the office at Marietta, in Cobb county, and also of the small office in the same county near the scene of the injury. He testified that the agent had charge of the selling of tickets from Marietta, and of shipments to and from that place, having general supervision over it. It was also stated in the brief of evidence that during the trial counsel for the plaintiff tendered to counsel for the defendant the same amount, and that the latter refused to receive it, on the ground that he had no right to do so. The law agent who made the settlement with the plaintiff testified that the agent at Marietta was a local agent, having nothing to do with settling claims against the company, and that the witness could not say whether the same agent was in charge of the other small station mentioned. He further testified that the local attorney had nothing to do with settling damage claims against the company, but that all such claims were passed upon by another named attorney. This was substantially the evidence in the case on that subject. From this it will appear that the tender made before the suit was filed was made to an agent without authority to receive it. It was not made to the company, or to the agent who effected a settlement and paid the money (as in *Southern Railway*

*Co.* v. *Nichols,* 135 *Ga.,* supra), or to any one shown to have had authority. The offer to refund, made pending the trial, was not equivalent to a tender before making an effort to rescind the release; and it appears to have been made to local counsel who had no authority to receive it.

As the release, so long as it stands, operates as an accord and satisfaction and furnishes a complete answer to the plaintiff's action, and as no tender was shown which would authorize the release to be set aside, if otherwise it could be done, it follows that the verdict, disregarding the release and finding a specified sum for the plaintiff, was contrary to law and the evidence. This ruling renders it unnecessary to discuss the other grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*

### ON MOTION FOR REHEARING.

Counsel for the plaintiff in error have cited the case of *Butler* v. *Richmond & Danville R. Co.,* 88 *Ga.* 594 (15 S. E. 668), as controlling. In that case, to an action for damages for a personal injury the defendant pleaded the payment of $18 in full settlement of all damages. The plaintiff contended, and so testified, that he was an illiterate person, that he had a claim against the company for wages, which was paid to him, and that he signed the paper without knowing its contents, and thinking that he was signing an ordinary pay-roll. It was held, that if payment was made to him of a claim or debt entirely independent of any claim for damages, but he was fraudulently induced to sign a paper purporting to be a settlement for damages, he would not be compelled to tender back the amount received in order to make the question of fraud in procuring his signature. In his opinion Mr. Chief Justice Bleckley said: "It is quite true that if the plaintiff had made any settlement or entered into any accord touching the injury complained of in his declaration, and sought to open the same on the ground of fraud, he would have to tender back any money which had been paid to him in consequence or by way of execution of the settlement or accord. *East Tennessee, &c. Ry. Co.* v. *Hayes,* 83 *Ga.* 558 [10 S. E. 350]. . . On his theory, the money he received was no fruit of such a contract, and could not have been, because none such was ever made. The money, as he contends, was paid him as wages which he claimed then and still claims as due him under a previous and wholly different contract."

In the case at bar, the alleged tort was a single one,—the careless striking by a train of the defendant of a wagon which the plaintiff was driving. From this tort several items of damage were alleged to have resulted, including a personal injury to the plaintiff and damages to his mule and wagon. The petition was originally brought to recover all three elements of damage. The defendant pleaded a written release by which it was agreed that in consideration of $50 paid to the plaintiff, the receipt of which was acknowl-. edged, "I hereby accept the same in full settlement of all damages due, by reason of the premises [referring to a preceding recital in regard to the occurrence], and hereby acquit said corporation, its successors and assigns, of any and all damages arising out of said act, injury or injuries, transaction or accident, heretofore suffered, or hereafter to be suffered, and all losses of any and every character which have or may result therefrom. . . The above-named $50 is also in full settlement of damage done to my wagon and mules, on account of collision between my wagon and freight-train on W. & A. track going north, known as extra 173." Thereupon the plaintiff amended by alleging that the release was procured from him by fraud, that the agent of the defendant pretended to be settling with him only for the mule and wagon, and did not read the paper to him, he being illiterate. He recognized the necessity for a retender of the amount received by him, and alleged that he had made it before bringing the suit. By another amendment he struck from the petition any claim for damages on account of his mule and wagon, leaving the suit to stand for damages for the injury to his person.

It will thus be seen that the paper signed purported to be a full settlement of all damages arising from the collision between the train and the wagon, both to his person and to his wagon and mule. He knowingly received compensation for some of the damages arising from such a collision. He nevertheless contends, that, if his tender was not good, he can still recover for the injury done to his person. The difference between this contention and that involved in the *Butler* case, supra, is clear. The distinction between receiving money on account of a claim or debt entirely distinct and receiving money as payment for some of the damages resulting from a tort is clearly drawn in *W. & A. R. Co.* v. *Burke,* 97 *Ga.* 560 (25 S. E. 488), and *Petty* v. *Brunswick & Western Ry. Co.,* 109 *Ga.* 666, 675 (35 S. E. 82).                    *Motion denied.*