## 20233.  HOUSE *v.* BENTON.

DECIDED SEPTEMBER 26, 1930.

*H. A. Allen,* for plaintiff.

*McDaniel, Neely & Marshall, Harry L. Greene,* for defendant.

JENKINS, P. J.   Benton sued House in the municipal court of Atlanta for damage to his automobile, growing out of a collision. House filed a cross-action against Benton for property damages. Judgment was rendered in favor of Benton, which, not being appealed from, became final.   Pending the trial in the municipal court, House sued Benton in the superior court for personal injuries growing out of the same collision, alleging the same acts of negligence as had been charged in his cross-action in the previous suit in the municipal court.   Upon final judgment being entered for Benton in the municipal-court action, Benton, at the first term of the superior court thereafter, pleaded that judgment against House in the action in the superior court.   The court sustained Benton's plea, and House excepted.

1.   Before the doctrine of res judicata can be applied, it must appear that a judgment has been rendered in a court of competent jurisdiction in a former litigation between the same parties, *based upon the same cause of action,* in which event the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue under the pleadings in the previous litigation; but the rule with reference to the doctrine of estoppel by judgment is somewhat different, in that there can be an estoppel by judgment whenever there has been litigation between the same parties, even though based upon a *different* cause of action, as to such matters only as were necessarily or actually

adjudicated in the former litigation. Accordingly, in the instant case, whether or not under the ruling of the Supreme Court in *Georgia Railway & Power Co.* v. *Endsley*, 167 *Ga.* 439 (145 S. E. 851, 62 A. L. R. 256), there might have been what amounted to a consent to the splitting of a single cause of action, the plaintiff in the present litigation is bound, under the doctrine of estoppel by judgment, as to the questions of negligence necessarily adjudicated in the previous litigation. *Duncan* v. *State*, 149 *Ga.* 195, 199 (99 S. E. 612); *Farmer* v. *Baird*, 35 *Ga. App.* 208 (132 S. E. 260); *Hamlin* v. *Johns*, 41 *Ga. App.* 91 (151 S. E. 815).

2. The defendant's plea of estoppel by judgment, filed at the first term after the judgment had been rendered, did not come too late, and the court did not err in sustaining it. *Merritt* v. *Bagwell*, 70 *Ga.* 579 (3 *a*).

*Judgment affirmed.* *Stephens and Bell, JJ., concur.*