23674. FOWLER *et al. v.* NATIONAL CITY BANK OF ROME.

DECIDED JULY 11, 1934. REHEARING DENIED SEPTEMBER 17, 1934.

*Whitaker & Whitaker, Maddox, Matthews & Owens,* for plaintiffs in error.

*Barry Wright, Wright & Covington,* contra.

GUERRY, J. The National City Bank of Rome, Georgia, filed its petition in the city court of Floyd county against W. S. Gentry Furniture Company, hereinafter referred to as "the company," and John O. Fowler, alleging that it was and had been since December 24, 1931, the owner of 200 shares of stock in the said company of the par value of $100 per share; that said stock had originally been issued to W. S. Gentry and had by him been transferred, assigned, and delivered to plaintiff in blank; that plaintiff delivered said stock to said company on December 24, 1931, for the purpose of having the same transferred on the books of the company and issued to it; that under the by-laws of said company and a provision printed on the face of said stock-certificate, it was transferable only on the books of the company; that on January 20, 1932, plaintiff again made demand that such stock be registered and transferred and issued; that said defendant failed to comply with the requests of plaintiff and failed to issue any stock or to register the same, and that such refusal and failure was tortious and wrongful and amounted to *a conversion of the stock;* that having failed and refused to transfer, register or issue the same, it refuses to return it, but keeps the stock and *appropriates and converts the same;* that defendants have joined together to injure, damage, and wrong plaintiff and are joint tort feasors; that defendant Fowler, by reason of large stock ownership in said company, dominates said company; and that the said stock converted was of the value of $25,000.

This suit was filed and served on the 13th of February, 1932. Fowler was a resident of Chattanooga, Tenn., but personal service was had upon him. Defendants filed an answer setting up that *prior* to the institution of this suit J. O. Fowler filed his bill of complaint in the district court of the United States for the northern district of Georgia against the plaintiff in this action and the Gentry Furniture Company and W. S. Gentry, *seeking a judicial determination* by that court of the *ownership* and *right of possession* of the certificates of stock referred to, and praying for other

equitable relief, and that defendants have filed their answers and that the questions therein presented have not been determined, but said proceeding is now pending. This action in the city court of Floyd county was *enjoined* pending the determination of the issue in the Federal court. Defendants also filed their defenses and alleged that the plaintiff secured possession of said stock by fraud; that the same was the property of Fowler by reason of the fact that Fowler had indorsed the note of W. S. Gentry for the money with which to pay for said stock, and that the plaintiff, with knowledge of the fact and also of the fact that Gentry was to place said stock as collateral on the note for the purchase-money of the same, fraudulently had Gentry to transfer the same as collateral for other indebtedness, and had become the purchaser thereof at a sale with full knowledge of the ownership and claim of Fowler. The finding of the Federal court failed to sustain Fowler's claim to the stock, but did find that the National City Bank was the owner and entitled to the possession of the same. By the evidence introduced it was shown that when the plaintiff delivered the stock to said company for the purpose of having the same transferred on the books of the company, W. S. Gentry, who was secretary of the company, cancelled said stock-certificate and issued another in the name of the City Bank and sent the same to Fowler at Chattanooga for the purpose of having him sign the same, he being at the time president of the company. W. S. Gentry prior to this time had been adjudicated a bankrupt. When Fowler received this notice from the company, together with the letter of the plaintiff demanding the transfer of the stock, he wrote the plaintiff and *claimed* in his letter that he was the *owner* of the stock and that plaintiff in disregard of his rights had appropriated the stock to its own use, and that he was refusing *as president* of the Gentry Company to sign the transfer of the stock, and that because the stock *belonged to him,* Fowler, he was retaining the same under the alleged original agreement he had with Gentry. The court by its charge held that the judgment of the Federal court was a judgment of a court of competent jurisdiction, as to the ownership of the stock, and withdrew this issue from the jury; and to this exception is taken. The defendants filed a demurrer which attacked the petition principally for duplicity and for a misjoinder of parties defendant. It was overruled and exceptions pendente lite were taken to this ruling. The

record of the pleadings and findings thereon had in the Federal court was also objected to, on the ground that it was a judgment had two years or more after the transaction on which the suit was based and was therefore irrelevant and immaterial in the case at bar. These objections were overruled, and are made the subject of grounds of the motion for new trial.

■ Is the petition duplicitous in that it makes equivocal statements with a view to getting the benefit of two or more inconsistent theories as to the plaintiff's right to recover, or is the petition based upon different versions with respect to the facts which gave rise thereto? *Orr* v. *Cooledge,* 117 *Ga.* 195 (43 S. E. 527). Is there a misjoinder of parties defendant? "The courts have not all been clear as to whether the master and servant can be .sued jointly in trespass for the tort of the servant. The doubt has been as to whether, under the common-law pleading, the master was not liable in trespass on the case and the servant liable in trespass, so that the two could not be joined in the same action. Under our more rational system of code pleading we have abolished the distinction between trespass and trespass on the case, and there is no reason why the two should not be joined in one action. If the plaintiff has a cause of action against one person all he now has to do is to state it plainly and distinctly; if he has a cause of action against two, he is required to do no more. If both the master and the servant are liable for the same willful tort of the servant, why, under our system of code pleading, should they not be joined in the same action, although at common law one would be liable in case and the other in trespass?" *Central of Ga. Ry. Co.* v. *Brown,* 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250). This is a joint action against the corporation and its officers. The act of an officer of a corporation in transferring stock is *ministerial.* In 14 C. J. 766, we find it stated that "the officer or agent whose duty it is to register transfers is not individually liable to the transferee for wrongful delay or refusal in making the transfer, this being a nonfeasance for which he is liable to his principal only." The duty of transferring stock is the duty of the corporation itself acting through its agents. They are answerable to the corporation for their nonfeasance and the corporation in turn is answerable to the transferee. 4 Thompson on Corporations (2d ed.), 907. A suit for failure or refusal to transfer stock would lie alone against

the corporation. This is, however, a suit against the corporation and its officer or servant. It is for a tort committed by the officer or servant for which the corporation is also liable. A direct conversion of the stock is alleged, for which both defendants are liable. For if an agent of a corporation should wrongfully convert to his own use stock which had been entrusted to the corporation, his principal, the corporation is liable as he is liable. The fact that the petition alleged that the stock was entrusted to the corporation in the first place for the purpose of having transfer made, and that the corporation failed to make such transfer, does not make this an action for damages for such failure to transfer, for the petition further alleges unequivocally that such failure and refusal to transfer or return is itself a conversion, and that both of the defendants had converted the stock to their own use. What is said in reference to the delivery for the purpose of transfer and the refusal to transfer seems to have been said only by way of explanation or inducement. It is true that if equivocal statements are made with a view of getting the benefit of two or more *inconsistent* theories as to his right to recover, or if the complaint is based upon different versions with respect to the facts which give rise thereto, the petition is duplicitous. The allegation in the petition that there was a failure to transfer the stock may of itself be the basis of a cause of action, but, from the obvious intention of the pleaded facts, such allegation is not inconsistent with an allegation that such stock delivered to the defendant for the purpose of transfer was by the defendant, after so securing possession thereof, converted to his own use. From what has been said, we are of the opinion that both questions asked at the beginning of this opinion should be answered in the negative.

■ The plaintiff introduced in evidence the pleadings of a suit filed by the defendant in the Federal court, and the findings thereon. It appears that the suit in the Federal court was filed on February 12, 1932, and that the present suit was filed in the city court of Rome on the 13th of February. Defendant objected to the introduction of the findings of the Federal court, which were dated May 15, 1933, upon the ground that such findings were irrelevant and immaterial in the present suit, for the reason that it was an adjudication nearly seventeen months after the alleged demand by the bank upon the defendant to transfer the stock, and

that the only evidence admissible in the present case was such as would show the status existing at the time the plaintiff made the demand on the defendants for the transfer of the stock. As we have already said, we construe the petition in this case to be one for damages for a conversion of the stock, and not one for failure and refusal to transfer the stock on the books of the company. It appears that defendant Fowler filed suit in the Federal court for the purpose of adjudicating title to the 200 shares of stock, which are the subject-matter of this suit, and that the finding of that court was against him and in favor of the plaintiff in this suit. It further appears that the Federal court had under consideration the same facts as set up in defendant's answer, and that there was no change in the status of the stock or the parties from the time the defendant claimed ownership of the stock and refused to return it until the time of the judgment in that court. Fowler secured an injunction against the plaintiff from proceeding with this suit until the question of title and right to the stock could be determined by the Federal court, and we can not see how he can now contend that such findings of the Federal court did not adjudicate the issue raised by his answer. The findings of the Federal court, which was a court of competent jurisdiction, was an adjudication of the issue of title as between all the parties to this action, all being parties in the proceedings in the Federal court. Such an adjudication was an end to this feature of the litigation. See *Walden* v. *Walden,* 128 *Ga.* 126 (57 S. E. 323) ; Civil Code, § 4335; *Holton* v. *Taylor,* 80 *Ga.* 508 (6 S. E. 15) ; *Georgia Railroad & Banking Co.* v. *Wright,* 124 *Ga.* 596 (53 S. E. 251) ; *McCauley* v. *Hargroves,* 48 *Ga.* 50 (15 Am. R. 660). This judgment of the Federal court adjudicated title in the plaintiff, and the plaintiff showed a demand and refusal to deliver the stock and an actual claim of title on the part of the defendant, which constituted a conversion. The good faith of the defendant in claiming title to the stock is not involved. See in this connection, *Branch* v. *Planters' Loan & Savings Bank,* 75 *Ga.* 342. This ruling also determines other grounds of the motion for a new trial which we do not deem necessary to mention specifically.

■ In numerous grounds of the motion for a new trial it is contended that the trial judge erred in rejecting certain evidence of witnesses on behalf of the defendant as to the general value of in-

stallment furniture accounts which defendant contends would go to show the value of the assets of the company and the value of the stock. The evidence rejected did not attempt to show the value of the particular stock by reason of an acquaintance with the value of the particular installment accounts belonging to said corporation, but only attempted to show the general value of such installment stock in similar corporations and under existing economical conditions. In *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880), it was said, with reference to opinion evidence: "It is said in Lawson's Expert & Opinion Ev. (2d ed.) 468: 'As in the case of other opinion evidence, the qualification of a witness to express an opinion as to value is a preliminary question for the court, whose decision will not usually be disturbed on appeal.'" "An essential test, it is said, of the competency of witnesses to give an opinion as to the value of land is that they affirmatively appear to have *personal knowledge* of the *subject-matter* of the inquiry." (Italics ours.) Lawson on Expert & Op. Ev. (2d ed.) 474-5, quoted approvingly in *Central Ga. Power Co.* v. *Cornwell*, supra. See also *Livsey* v. *County of Walton*, 47 *Ga. App.* 211 (170 S. E. 268). In submitting evidence as to the value of the stock, the subject-matter of the inquiry, as against the testimony of the plaintiff's witnesses on this subject (it appearing that such stock had no listed market value), the witnesses for the defendant did not attempt to show its value by comparison with other recent sales thereof, nor did they attempt to testify as to their personal knowledge of the stock itself or of the assets, including the value of the accounts receivable of the corporation (the value of such stock being dependent to some extent on the value of the accounts receivable of the corporation), but their testimony being to the effect that under the general custom of furniture men doing the same kind of business as Gentry Furniture Company, this kind and character of accounts (installment accounts) have a general reasonable market value of a named percentage, and that such is the rule even without investigation or personal knowledge on the part of the witness or the particulars of the particular accounts or anything else. Defendant contends that this kind of evidence tends to show in a general way what is the value of this particular class of assets. We can not agree with this contention, unless it is also shown that the witness had some par-

ticular knowledge of the particular assets upon which he sought to place a value. Mules at the present time may be said to have a general market value of so many dollars per mule, but such evidence is not admissible to show the value of a particular mule or lot of mules, without other evidence in respect thereto. One farmer may own ten mules of the value of $1500. His neighbor may own ten mules of the value of $500. The average price of mules in that community may be $100 per mule, and yet such testimony as to average price would not, without other knowledge on the part of a witness, who is acquainted with the average or general price of mules, make his testimony competent to prove the actual value of either farmer's lot of mules. The value of the accounts receivable of a particular class of merchants in a particular community may have an average or general value of a certain per cent. of their face value. This evidence, however, is not competent to fix the value of a particular merchant's accounts unless the care, judgment, and consideration he used in extending credit are shown by competent evidence. The accounts of one merchant might be worth their face value or an amount near thereto. Those of another might not be worth ten cents on the dollar. The rule seems to be well fixed in Georgia that the witness must show some particular knowledge of the subject-matter of the inquiry, before his evidence is competent to show value. As provided in the Civil Code, § 5875, the witness must have had an opportunity for forming a correct opinion. The witnesses offered might be expert in reference to general values and trade conditions and yet be incompetent as to the value of particular accounts, for the reasons pointed out. In cases of the present kind, whether the witness be classed as an expert or not, he must show a sufficient basis for testifying about a particular subject. After an examination of the particular accounts and a knowledge of and acquaintance with the credit risk of the various individuals owing such accounts, a witness may be able to testify as to the percentage value of the accounts. The rule as generally applied and understood is that the witness must show some source of knowledge of the values in question other than mere general knowledge.

The remaining assignments of error appear to be without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

GUERRY, J.  It is insisted by counsel for plaintiff in error that, this court having stated that "It is true that if equivocal statements are made with a view of getting the benefit of two or more inconsistent theories as to his right to recover, or if the complaint is based upon different versions with respect to the facts which give rise thereto, the petition is duplicitous" (see *Orr* v. *Cooledge,* supra), or words similar in effect, it has failed to make a practical application of that rule to the facts of the present case.  If this were a suit against the W. S. Gentry Furniture Company alone, this criticism might be well founded, for under the facts as pleaded the W. S. Gentry Furniture Company might be liable for a failure to transfer the stock and also for a conversion thereof, and in such a case would be entitled to have it made clearly to appear on which set of facts the plaintiff was relying.  As was pointed out in the original opinion, this suit is against the W. S. Gentry Furniture Company and J. O. Fowler jointly.  If this suit were treated as an action for failure to transfer the stock, J. O. Fowler would not be a proper party thereto, because the duty of transferring the stock is the duty of the corporation alone.  By his action in suing the furniture company and J. O. Fowler jointly, it becomes a suit for a tort, committed by the officer or agent, Fowler, for which the corporation is also liable.  A direct conversion of the stock is alleged for which both defendants are liable.  In the case of *Rushin* v. *Central of Ga. Ry. Co.,* 128 *Ga.* 726 (58 S. E. 357), it was said: "In stating the narrative of facts upon which a recovery is sought it is common, especially in actions of this kind, for the plaintiff to state matters from which it appears that he may have another cause of action, either by way of amplification or as strengthening his description of the cause of action on which he relies, when it is obvious he does not rest his claim of recovery upon them.  These superfluous statements are but surplusage; they mar the symmetry of the petition, but do not destroy it by making it double."  "A suit 'should be treated as an action ex delicto, when it is manifest from the allegations and structure of the petition that the plaintiff is seeking a recovery because of the defendant's breach of duty, and not on account of its breach of contract.' . . *Miller* v. *Ben H. Fletcher Co.,* 142 *Ga.* 668 (83 S. E. 521)."  *Bales* v. *Madison County,* 32 *Ga. App.* 370 (123 S. E. 158).  We remain of the

opinion that the action as brought was one against both defendants as joint tort feasors for the wrongful conversion of the stock.

*Rehearing denied.*