32464. GILES *et al v.* SMITH *et al.*

DECIDED DECEMBER 5, 1949.

*Gary Hamilton,* for plaintiffs.

*Wright, Rogers, Magruder & Hoyt, Henry J. Fullbright,* for defendants.

MACINTYRE, P. J. 1. (a) A master is liable for the torts of

his servant committed within the scope of his employment. Code § 105-108.

(b) A servant, as a wrongdoer, is liable individually for a tort committed within the scope of his master's business. *Southern Railway Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244).

(c) A master and his servant may be jointly sued for damages resulting solely from the negligence of the servant.. *Southern Railway Co.* v. *Grizzle,* supra; *Southern Railway Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103); *Fowler* v. *National City Bank of Rome,* 49 *Ga. App.* 435 (176 S. E. 113).

(d) The liability of the master and of the servant is joint and several.

(e) Although the liability of the master and the servant is joint and several, the same principles apply to them in an action based solely on the negligence of the servant as would apply in actions against joint tort-feasors. McLaughlin *v.* Siegel, 166 Va. 374 (185 S. E. 873).

(f) A single wrongful or negligent act which injures both one's person and his property gives but a single cause of action (*Georgia Ry &c. Co.* v. *Endsley,* 167 *Ga.* 439, 145 S. E. 851; *Western & Atlantic R. Co.* v. *Atkins,* 141 *Ga.* 743, 82 S. E. 139), in the absence of a waiver by the defendant as to the bringing of separate suits for the injuries to his person and to his property. *Georgia Ry. &c. Co.* v. *Endsley,* supra.

(g) A settlement of the personal damage will bar an action for damages on account of injuries to the property, where the property and personal damages are the result of a single wrongful or negligent act. *Western & Atlantic R. Co.* v. *Atkins,* supra.

(h) "Damages are given as compensation for the injury done." Code § 105-2001.

(i) "There can, however, be but one satisfaction of the same damage or injury; and if . . the plaintiff proceeds, for a consideration, to fully settle and satisfy his claim against one [joint tort-feasor], he can not by the terms of such accord and satisfaction, where the injury or damage complained of is the same, limit the release to the defendant thus dealt with, but in such a case the claim itself becomes extinguished. *Donaldson* v. *Carmichael,* 102 *Ga.* 40 (2) (29 S. E. 135); 1 C. J. 536." *Griffin Hosiery Mills* v. *United Hosiery Mills,* 31 *Ga. App.* 450 (120 S. E. 789); *Edmondson* v. *Hancock,* 40 *Ga. App.* 587 (151 S. E. 114).

(j) Where the liability, if any, of the master to a third person is purely derivative and dependent entirely upon the principle of respondeat superior, and although not technically a joint tort-feasor, the master may be sued alone or jointly with the servant, but a judgment in favor of the servant on the merits (and by analogy, a release of the servant from liability, 35 Am. Jur. 963, § 534) will bar an action against the master, where the injury and damage are the same. *Southern Railway Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103); *Roadway Express Inc.* v. *McBroom,* 61 *Ga. App.* 223 (6 S. E. 2d, 460); *Southern Railway Co.* v. *Nix,* 62 *Ga. App.* 119 (8 S. E. 2d, 409); *Southern Railway Co.* v. *Grizzle,* supra; *Kalil* v. *Spivey,* 70 *Ga. App.* 84 (27 S. E. 2d, 475).

Taking the allegations of the defendant's answer as true as against the demurrer, and applying the aforestated principles of law to the facts of this case, the court did not err in overruling the demurrer. It is alleged in the answer that "the plaintiffs settled with the said Jackson [the defendants' servant] for all injuries and loss of earnings suffered by the said Jackson as a result of said collision, and paid to the said Jackson the sum of . . $275 taking a release from him relieving the said plaintiffs of all claims, anticipated and unanticipated, of the said Jackson resulting from the said accident." This release of the plaintiffs by Jackson from all claims by him growing out of the collision, and the payment of the $275 by the plaintiffs, constituted a settlement of all claims between the parties growing out of the collision, the plaintiffs' claims against Jackson as well as Jackson's claims against the plaintiffs, and this included the plaintiffs' claims for property and personal damage. It would be anomalous indeed for the plaintiffs to pay Jackson the $275 and then sue him to recover the very money that they had paid him. Therefore, if Jackson was released from all liability growing out of the collision by virtue of the release and settlement, the defendants were necessarily released. The plaintiffs' claims had been satisfied, and they could not have more than one satisfaction for the same injuries. The plea of the release was a complete defense to the plaintiffs' action, and the court did not err in overruling the demurrer to the answer, nor in admitting evidence in support of the plea, nor in directing a verdict for the defendants on the main case, under the uncontradicted

evidence that the plaintiffs and Jackson had settled their respective claims growing out of the collision by the execution of the release and the payment of the $275.

In view of the foregoing rulings, it is unnecessary to pass on the other special grounds of the motion for a new trial, and the general grounds are not insisted upon. It follows that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*