33935.   KELLY *v.* McCOY, by guardian, etc., *et al.*

Decided February 19, 1952—Rehearing denied March 7, 1952.

516

*G. Seals Aiken*, for plaintiff.

*W. Neal Baird, Neely, Marshall & Greene, Ferdinand Buckley*, for defendants.

GARDNER, J. It is a fundamental principle prevailing in this jurisdiction that one tortious act gives rise to but one cause of action, regardless of the elements of damage for which the tortfeasor may be liable to the plaintiff; and it was under this general rule that the trial judge sustained the pleas of lis pendens, the plaintiff seeking to recover for the loss of his wife's services and for the medical expenses incurred in having her injuries treated, both being elements of damages resulting from the alleged tortious act of the defendants in the operation of the automobile which ran into and struck the plaintiff's car, thereby inflicting personal injuries on the plaintiff, as well as upon his wife, and for which personal injuries he likewise seeks to hold the defendants liable, and to recover, which case No. 3739 was brought in said court by the plaintiff against the defendants. See *Georgia Ry. &c. Co.* v. *Endsley*, 167 *Ga.* 439 (145 S. E. 851); *Silvertooth* v. *Shallenberger*, 49 *Ga.' App.* 133 (174 S. E. 365). It is our opinion that the instant case falls squarely within the general rule, and does not come within any exception thereto. The case of Southern Ry. Co. *v.* King, 160 Fed. 332, is not at all applicable to the situation which confronts the court here. In that case, the Federal Court said: "Where injuries to the person and the physical property of the injured party grow out of a single tort, then, and in that event, the tort to the person and to the property constitutes a single cause of action and, as previously suggested, the same should be presented in a single suit. This is the English view, and the holding is the

same in all of the American courts with one exception." Damages to the husband for the loss of his wife's services on account of the defendants' negligence in the operation of the automobile which collided with the plaintiff's automobile, injuring both his wife and himself, resulting from his wife's personal injuries, and consequently her inability to perform her marital duties and services to which the husband is entitled, and damages because of the medical expenses incurred by reason of such injuries so caused by the defendants' alleged negligent operation of his said car, are merely elements of damages on account of the alleged negligence of the defendants along with the damages sustained by the plaintiff as a result of his own personal injuries resulting from such negligent conduct of the defendants; and this is not a case where the damages sought and the injury claimed by the plaintiff are sustained by the plaintiff in a different capacity, as if sustained by different persons. This court has directly ruled in the *Shallenberger* case, supra, that in such a situation, the plaintiff has suffered damage to his property rights. A husband has a property right in the services of his wife, and any act wrongfully depriving him thereof damages his property right. The husband is liable to one furnishing medical attention to his injured wife, such as for hospitalization, doctors' bills and medicines, and if another commits a tort, causing a husband to suffer damages, he is entitled to recover. He does not recover these damages in a different capacity, such as trustee for the minor children of their deceased father, as was the situation in Southern Ry. Co. *v.* King, 160 Fed. 332 (supra).

The trial judge properly sustained the pleas of lis pendens, and abated and then dismissed case No. 3740.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*