718

## 35087. KRASNER v. O'DELL.

CARLISLE, J. 1. Where injuries to the person and the property of an injured party result from a single wrongful or negligent act, the tort to the person and the property constitute a single cause of action, which should be presented for determination in a single suit. *Georgia Ry. & Power Co.* v. *Endsley,* 167 *Ga.* 439 (145 S. E. 851, 62 A. L. R. 256), and citations.

2. Medical expenses, incurred for treatment of a minor child's injuries, and the loss of the child's services, when caused by the tortious act of another, are elements of damage to the father's property rights, and give rise to a cause of action in the father. *Kelly* v. *McCoy,* 85 *Ga. App.* 514 (69 S. E. 2d 652); *Silvertooth* v. *Shallenberger,* 49 *Ga. App.* 133 (174 S. E. 365).

3. "Under the doctrine of res judicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause of action as a pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation." *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260), and citations.

4. Under an application of the foregoing rules of law to the facts of the present case, the trial court did not err in overruling the general demurrer to the plea in bar, or in sustaining the plea in bar and dismissing the plaintiff's petition. The damages sought by the father in the suit for his own personal injuries in the Federal court and the damages sought by him in the present litigation grew out of an alleged single tortious act of the defendant, which gave rise to but one cause of action. The present suit was brought several months after the Federal court's judgment in the father's suit for his own personal injuries. That judgment was adverse to the plaintiff father and in favor of the defendant. The elements of damage sought in the present suit should have been included in the suit in the Federal court. He is, therefore, precluded by the judgment of the Federal court in the previous litigation from maintaining the present suit.

5. The plaintiff's special demurrer to the plea in bar, on the ground that, being a dilatory plea, it could not be filed at the trial term, is not meritorious and the trial court did not err in overruling it. "A plea of res judicata, if sustained, is conclusive that the plaintiff can not recover at all as to the matters which have been previously adjudicated between the same parties by a court of competent jurisdiction. Such plea if sustained is a bar to recovery, and is not a mere dilatory plea, and may be filed at the trial term of court." *Hill* v. *Cox,* 151 *Ga.* 599 (2) (107 S. E. 850); *Gamble* v. *Gamble,* 204 *Ga.* 82 (48 S. E. 2d 540).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 10, 1954.

*N. Krasner,* in propria persona.

*Powell, Goldstein, Frazer & Murphy, J. Winston Huff, Travers Hill,* contra.

On April 23, 1951, N. Krasner filed suit in the Superior Court of Fulton County against Claude C. O'Dell, seeking damages for personal injuries arising out of an automobile collision on Peachtree Street in Atlanta, Georgia, on April 22, 1951. O'Dell was a resident of South Carolina, and the case was removed to the United States District Court for the Northern District of Georgia on account of diversity of citizenship. After a trial on the merits of the case, the Federal court entered judgment in favor of the defendant O'Dell and against the plaintiff Krasner on October 27, 1952.

On April 21, 1953, Krasner filed a second suit against O'Dell in the Superior Court of Fulton County, seeking to recover for medical expenses and the loss of the services of his minor daughter, which were occasioned by injuries sustained by her in the same automobile collision referred to above. On May 1, 1953, the defendant filed his answer and demurrers to the plaintiff's suit, and on May 11, 1953, the defendant amended his answer and set up that the judgment of the Federal court constituted a bar to the plaintiff's suit, filed on April 21, 1953.

On November 25, 1953, the defendant interposed his verified plea in bar to the suit, pleading the judgment of the Federal court; and on December 29, 1953, in open court, the plaintiff filed his demurrers to the plea in bar on the grounds that the facts alleged in the plea do not constitute a bar to his action, and that the plea, being dilatory in nature, was filed too late.

By agreement between the parties, the court without the intervention of a jury passed on the demurrer and the issues raised by the plea. After a hearing and argument, the court overruled the demurrers to the plea, sustained the plea, and dismissed the petition, and the plaintiff has brought his writ of error complaining of those judgments.