19396. GREGORY *v.* SCHNURSTEIN.

SUBMITTED JUNE 13, 1956—DECIDED JULY 10, 1956.

*Noah J. Stone, A. Mims Wilkinson, Jr.,* for plaintiff in error.
*Dunaway & Embry,* contra.

ALMAND, Justice. The Court of Appeals has certified to this
court for answer the following question:

"1. Where, as the result of a single tortious act committed
by the defendant, the plaintiff suffers personal injury and also
property damage to her automobile, and where thereafter the
parties enter into a settlement agreement as to the amount of
property damage only, will such a settlement thereafter bar
the right of the plaintiff to maintain and prosecute an action
at law for the recovery of damages for injury to her person,
where the foregoing property settlement appears pleaded ac-
cording to the record? *James v. Emco Insurance Co.,* 71 *Ga.
App.* 196, at page 201 (30 S. E. 2d 361); *Southeastern Greyhound
Lines v. Wells,* 204 *Ga.* 814 (51 S. E. 569); *Western & Atlantic
Ry. Co. v. Atkins,* 141 *Ga.* 743, 747 (82 S. E. 139); *Bennett v.
Dove,* 93 *Ga. App.* 57 (2) (90 S. E. 2d 601); *Giles v. Smith,* 80
*Ga. App.* 540 (50 S. E. 2d 860)."

In *Western & Atlantic R. Co. v. Atkins,* 141 *Ga.* 743 (82 S. E.
139), the plaintiff sought to recover damages of the defendant
for a personal injury. The defendant pleaded a written release
based on a valuable consideration as an accord and satisfaction.
The plaintiff contended that the release was executed solely to
cover the amount of property damages he had suffered at the
time he also suffered personal injuries. This court held that
the tort was a single one, and though several items of damages
resulted from this tort, the plaintiff having received compensa-
tion for some of the damages arising from the occurrence, the
release, so long as it stood, operated as an accord and satisfaction
and furnished a complete answer to the plaintiff's action for
damages to his person. In *Endsley v. Ga. Ry. & Power Co.,* 37

*Ga. App.* 439 (140 S. E. 386), it was held that, where one sustained injury to his person and also damages to his property from the same negligent act of another, two distinct causes of action arose in favor of the injured person, and a recovery for damages to his property would not bar a subsequent action for the injury to his person. On certiorari to this court (167 *Ga.* 439, 145 S. E. 851, 62 A.L.R. 256), this ruling was reversed, and the rule was laid down that, where injury to the person and to the physical property of the injured party grew out of a single wrongful or negligent act, the tort to the person and the property constituted a single cause of action, and the *Atkins* case, supra, was cited in support of the ruling. In the opinion, this court cited a long list of authorities from other States in the Union as enunciating the common-law rule which these States had followed, and the court discussed the minority rule following the English rule, which holds that two causes of action arise where a single tortious act injures both person and property. This court disagreed with the ruling of the Court of Appeals that the plaintiff in that case had two causes of action, but did not reverse that court, for the reason that it was held that the rule was for the benefit of the defendant, and the defendant would be presumed to have waived its rights by failing to interpose timely objections to the maintenance of the second suit, it having raised objections in the personal-injury suit after judgment had been rendered in the property-damage suit.

The rulings made by this court in the *Atkins* and *Endsley* cases, supra, have been followed by the Court of Appeals. In *Giles v. Smith*, 80 *Ga. App.* 540 (56 S. E. 2d 860), it was held that a single wrongful or negligent act which injures both one's person and his property gives but a single cause of action, and that a settlement of the personal-injury damage will bar an action on account of injuries to property, where the property and personal damages are the result of a single wrongful or negligent act. In *Krasner v. O'Dell*, 89 *Ga. App.* 718 (80 S. E. 2d 852), it was held that, in a suit to recover damages for personal injuries to the plaintiff and for medical expenses and loss of services of his minor daughter as the result of the defendant's negligence, it was proper to sustain the defendant's plea in bar setting out that a judgment had been rendered adverse to the

father in a suit brought by him for his own personal injuries arising out of an automobile collision in which his daughter also suffered injuries. The court cited in support of its ruling the *Endsley* case, supra. In *Bennett* v. *Dove,* 93 *Ga. App.* 57 (90 S. E. 2d 601), it was held that a settlement of the claim for property damages will bar an action for damages on account of personal injuries, where both items of damages are the result of a single wrongful or negligent act. See also *Kelly* v. *McCoy,* 85 *Ga. App.* 514 (69 S. E. 2d 652).

Under these authorities, where a plaintiff brings a suit for damages for injuries to his property and recovers a judgment, a second suit by the same plaintiff against the same defendant to recover damages by reason of personal injuries growing out of the same act of negligence in which he had recovered damages to his property would be subject to a properly pleaded plea in bar. We are of the opinion that the same rule applies where the claim for property damages has been settled between the parties and a release has been executed by the plaintiff to the defendant in full settlement of the property damages; and that, on the institution of a suit for personal injuries, the action would be subject to a plea in bar of the defendant setting up such release. See Dearden *v.* Hey, 304 Mass. 659 (24 N. E. 2d 644, 127 A.L.R. 1077).

We adhere to the common-law rule as followed by a majority of the States of the Union, that damages resulting from a single wrongful act, where injury and damage has been done to the person and property of one, is subject to one action. For annotations on the subject, see 64 A.L.R. 663, and 127 A.L.R. 1081.

Our answer to the question propounded as above is, Yes.

*Question answered in the affirmative. All the Justices concur.*