### 36182. Gregory *v.* Schnurstein.

Townsend, J. 1. Where, as the result of a single tortious act committed by the defendant, the plaintiff suffered personal injury and also property damage to her automobile, and she thereafter entered into an agreement with an insurance adjuster to accept a named sum in settlement of the amount of damage done to her property, the agreement being evidenced by a release of all claims, and she is thereafter paid by draft the consideration agreed upon and nothing further remains to be done except for the plaintiff to present the draft and receive payment thereon, such plaintiff cannot subsequently maintain an action against the defendant for damages resulting from personal injury. A single ngeligent act which injures both one's person and one's property gives rise to but a single cause of action, and the injured person may not by settlement extinguish a part of the cause of action and then proceed with the remainder. *Gregory* v. *Schnurstein,* 212 *Ga.* 497 (93 S. E. 2d 680).

2. It is unnecessary, in view of the above, to decide whether the petition alleged facts sufficient to show actionable fraud in the procurement of the release of all claims, since the plaintiff admits in her pleadings that she did intend the settlement to be a settlement of her claims for property damage. The legal effect of such settlement is to release the defendant from all liability beyond the amount agreed upon in the settlement agreement.

3. Since the facts set out above appear on the face of the plaintiff's petition and amendment thereto, it is immaterial that the court sustained a motion to dismiss the case because "the petition *when taken together with . . . the answer of the defendant in reply to the requests for admissions*" showed the plaintiff had no cause of action. Whether or not the court should have considered requests for admissions and answers thereto on a motion in the nature of a general demurrer to the pleadings, the same result would be reached in either event.

The trial court did not err in dismissing the plaintiff's petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided September 20, 1956.

*Noah J. Stone, A. Mims Wilkinson, Jr.,* for plaintiff in error. *Dunaway & Embry,* contra.

DECIDED SEPTEMBER 20, 1956.