22569. STORY v. RIVERS.

ARGUED JULY 13, 1964—DECIDED SEPTEMBER 11, 1964.

*Carlton S. Brown,* for plaintiff in error.

*Jesse G. Bowles, Devine & Busbee,* contra.

GRICE, Justice. The Court of Appeals has certified to this court for answer the following question:

"Where one suffers personal injury and property damage to his automobile in a single collision with another vehicle, does his assignment in writing of his cause of action for the property damage, executed and delivered to his collision insurance carrier, bar an action by him for personal injuries allegedly suffered in the same collision as that causing the property damage, it not appearing whether or not an action had been instituted by the assignee to recover for the property damage?"

The rule in this State is that a single wrongful or negligent act which injures both one's person and property gives but a

single cause of action which cannot be split. *Gregory v. Schnurstein*, 212 Ga. 497 (93 SE2d 680). See also, *Georgia R. & Power Co. v. Endsley*, 167 Ga. 439 (145 SE 851, 62 ALR 256).

Accordingly, a judgment against the tortfeasor as to either the person or property element of the cause of action, when timely pleaded, bars a recovery in a subsequent suit on the other element of that cause of action. *Georgia R. & Power Co. v. Endsley*, 167 Ga. 439, supra; *Krasner v. O'Dell*, 89 Ga. App. 718 (80 SE2d 852). The same is true of a pending action (*Kelly v. McCoy*, 85 Ga. App. 514, 69 SE2d 652), or a settlement. *Western & Atlantic R. Co. v. Atkins*, 141 Ga. 743 (82 SE 139); *Gregory v. Schnurstein*, 212 Ga. 497, supra; *Giles v. Smith*, 80 Ga. App. 540 (56 SE2d 860); *Bennett v. Dove*, 93 Ga. App. 57 (90 SE2d 601). Such consequence cannot be circumvented by an assignment of one element of the damage. See 1 Am. Jur. 2d 652, Actions, § 133.

It is said that this rule prohibiting splitting of causes of action is for the benefit of the defendant tortfeasor, to protect him from a multiplicity of suits. See *Georgia R. & Power Co. v. Endsley*, 167 Ga. 439, 446, supra; 1 Am. Jur. 2d 651, Actions, § 132. He may waive it if he chooses, and is presumed to have done so when he does not interpose timely objections based on the prior settlement, judgment or pending action as to one element of the cause of action. See *Georgia R. & Power Co. v. Endsley*, 167 Ga. 439, 447, supra.

The facts of the question here show no judgment, settlement or pending action against the defendant, pleaded by him. They show only that the injured party has assigned part of his cause of action—the claim for property damage—to his own collision insurance carrier. Although an assignment of a part of the cause of action will not permit a subsequent recovery by the assignor of the portion retained and by the assignee of the part assigned, so as to allow two suits on the one cause of action, the assignment in and of itself does not bar *all* recoveries on the cause of action. Only the second is barred.

Therefore, here where no previous claim against the defendant on any part of this cause of action is pleaded, the suit for personal injuries is not barred.

· The precise question now before us seems not to have been decided by the reviewing courts of this State. However, the conclusion which we have reached accords with the rule itself. Two treatise statements illustrate this.

". . . [The rule prohibiting splitting causes of actions] does not mean that one who has a claim against another may not . . . maintain an action for a part only, of that claim, . . . What it does mean is that one who brings suit for a part of a single claim and recovers therefor is thereafter barred from bringing another suit for another part of that claim." 1 Am. Jur. 2d 647-648, Actions, § 127.

"The rule does not prevent plaintiff from suing for a part of a single cause of action; it applies only where the claims or demands are divided and made the basis of several actions; and if he does sue for a part, it merely precludes him from thereafter maintaining another action for the other portion." 1 CJS 1310-1311, Actions, § 102 (f).

*For the foregoing reasons the answer to the question propounded is in the negative. All the Justices concur.*