### 45095. PHILLIPS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

ARGUED FEBRUARY 3, 1970—DECIDED MARCH 6, 1970.

344

*Walter W. Calhoun,* for appellant.

*Smalley & Cogburn, Robert H. Smalley, Jr.,* for appellee.

EBERHARDT, Judge. ■ In his suit against Humphrey, Phillips claimed damages for specified personal injuries which he had received in the collision and which he alleged to have been occasioned by Humphrey's negligence. He also alleged in his petition that "As a result of being struck by the automobile of the defendant, the plaintiff's automobile, a 1964 Oldsmobile sedan, was a total loss, the same having a fair market value before the collision of $1,015 and a fair market value thereafter of only $200," and further that "plaintiff brings this action against the defendant for personal injuries, pain and suffering, loss of consortium and services of his wife, loss of an automobile, and such expenses as may be incurred. . ."

It was entirely proper for plaintiff to include in his suit his claim for personal injuries, his claims for loss of his wife's services, etc. and his claim for damage to his automobile. Indeed, if he had proceeded without including his personal property damage he would have been deemed to have waived it. *Ga. R. &c. Co. v. Endsley,* 167 Ga. 439 (145 SE 851, 62 ALR 256); *Gregory v. Schnurstein,* 212 Ga. 497 (93 SE2d 680); *House v. Benton,* 42 Ga. App. 97 (155 SE 47); *Universal Credit Co. v. Service Fire Ins. Co.,* 69 Ga. App. 357, supra; *Giles v. Smith,* 80 Ga. App. 540 (56 SE2d 860); *Kelly v. McCoy,* 85 Ga. App. 514 (69 SE2d 652); *Krasner v. O'Dell,* 89 Ga. App. 718 (80 SE2d 852); *Bennett v. Dove,* 93 Ga. App. 57 (90 SE2d 601); *Coleman v. State Farm Mut. Auto Ins. Co.,* 104 Ga. App. 328 (121 SE2d 833).[1]

---

[1]The defendant may waive the requirement that plaintiff include all elements of his damage, or may, by special agreement, settle some and leave the others outstanding to be adjusted by legal proceedings, or otherwise. *James v. Emmco Ins. Co.,* 71 Ga. App. 196, 200 (30 SE2d 361).

Consequently, it must follow that when plaintiff effected the settlement, signed the release and the stipulation for dismissal and caused his suit to be dismissed, his claim for the damage to his automobile, having been included in the action, was fully satisfied and terminated, and, as was declared in *Donaldson v. Carmichael*, 102 Ga. 40, 42 (29 SE 135) "there can be no double recovery of the amount of damage which one has sustained." This was the basis for the holding in *Universal Credit Co. v. Service Fire Ins. Co.*, 69 Ga. App. 357, supra, which we think is controlling here.

That State Farm has tendered and paid into court the amount of the medical expense which plaintiff claims under other provisions of his policy does not alter the matter. Cf. *Wrightsman v. Hardware Dealers Mut. Fire Ins. Co.*, 113 Ga. App. 306 (147 SE2d 860). The tender or payment into court simply eliminated these items as an issue.

Nor does it matter that State Farm happened to be the insurer of both plaintiff and defendant. That did not affect its right of subrogation to plaintiff's claim for the damage to his automobile if settlement for the damage were made under his collision coverage; and if that right has been destroyed, as it was by the settlement, State Farm is no longer obligated to pay under the collision coverage. It is immaterial, too, that if the collision claim had been settled prior to the settlement of the suit, subrogating State Farm to plaintiff's right against Humphrey, and State Farm had thereafter attempted to enforce the right against Humphrey it might have been obligated, under Humphrey's liability policy, to pay the claim so that it would, in effect, have been collecting from itself. It might have been advantageous for it to do that for accounting purposes.

The case of *Allstate Ins. Co. v. Austin*, 120 Ga. App. 430 (170 SE2d 840), relied upon by appellant, in no way affects our holding here, nor does it require a different holding.

█ █ While State Farm did not file a plea of accord and satisfaction as might have been done and as is generally required under *Code Ann.* § 81A-108 (c) by the filing of a special plea setting that up as an affirmative defense, it did raise the issue in its written motion to strike, and it was raised by the

evidence presented in connection with the motion for summary judgment. Our rule in this respect is the same as that under Federal Rule 8 (c), concerning which Professor Moore asserts: "Rule 8 (c) might seem to imply that affirmative defenses may be raised only by a pleading (where one is required or permitted) and not otherwise. This, however, is too narrow a construction of the rule. A defendant may move for summary judgment under Rule 56[1] where 'there is no genuine issue as to any material fact' and he 'is entitled to a judgment as a matter of law'; and it is clear that summary judgment is proper where the defendant shows the existence of an affirmative defense even though he has filed no answer. Under the 1946 amendment to Rule 12 (b),[2] it is also made clear that a defendant may raise an affirmative defense by a motion to dismiss for failure to state a claim; and that the court may treat such a motion as a motion for summary judgment. . . By analogizing the motion to a motion for summary judgment, however, the amended Rule 12 (b) clearly permits affirmative defenses to be raised by motion." 2A Moore's Federal Practice (2d Ed.), p. 1863, § 8.28. Accord: Butcher v. United Electric Coal Co., 174 F2d 1003, 1005.

The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver. Systems, Inc. v. Bridge Electronics Co., 335 F2d 465; Lindsay v. Collins, 96 FSupp. 994. Moreover, "failure to plead an affirmative defense is immaterial if evidence of the defense is introduced and not objected to for failure to plead it, and no surprise is claimed." American Cas. Co. v. Morris, 51 FSupp. 889, 896, affirmed in 146 F2d 208; Tillman v. National City Bank of N. Y., 118 F2d 631.

Here the defense was sufficiently set out in defendant's motion to strike, and uncontradicted evidence which would sustain the

---

[1]See *Code Ann.* § 81A-156.
[2]See *Code Ann.* § 81A-112 (b).

defense either on the basis of accord and satisfaction or on the basis of a destruction of defendant's right of subrogation was admitted without objection as to a lack of pleading.

(b) The lack of pleading, if such there was, was not raised in the trial court and that issue is not properly before us. "[T]he question was not submitted to the trial court, was not passed upon by that court, . . . and thus under the law of this State cannot be considered by this court." *N.A.A.C.P. v. Overstreet*, 221 Ga. 16, 30 (142 SE2d 816); *Kohl v. Manning*, 223 Ga. 755 (158 SE2d 375).

The defendant's motion for summary judgment was properly granted and that of the plaintiff was properly denied.

*Judgments affirmed. Jordan, P. J., and Pannell, J., concur.*