45525.   PEKROL v. COLLINS.

SUBMITTED SEPTEMBER 15, 1970—DECIDED OCTOBER 13, 1970.

*Richard D. Phillips,* for appellant.

*Adams, Adams, Brennan & Gardner, John W. Minor, Edward T. Brennan,* for appellee.

EVANS, Judge. The sole question for decision here is whether a husband's action for loss of consortium due to injuries to his wife, is a part of a single cause of action for personal injury and property damage, where all the elements of damage arise from a single occurrence. In order for a former recovery to be pleaded in bar of a subsequent action, the two suits must be between the same parties and on the same cause of action, and the test of identity of cause of action is whether the same evidence will support both. See *Code* § 3-607; *Underwood v. Underwood,* 139 Ga. 241 (77 SE 46). It has been held numerous times in this State that a single wrongful or negligent act, which injures both one's person and property, gives but a single cause of action, and a settlement of the property damages will, where pleaded, bar an action on account of injuries to the person where both items of damage are the result of a single occurrence. See *Ga. R. & Power Co. v. Endsley,* 167 Ga. 439 (145 SE 851, 62 ALR 256); *Gregory v. Schnurstein,* 212 Ga. 497 (93 SE2d 680); *James v. Emmco Ins. Co.,* 71 Ga. App. 196 (30 SE2d 361); *Krasner v. O'Dell,* 89 Ga. App. 718 (1) (80 SE2d 852); *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342 (173 SE2d 723). While counsel state that no reported Georgia cases clearly show what a husband's damages on account of injuries received by his wife (loss of consortium, etc.) may include, yet it has been held in the *Krasner* case, supra, that medical expenses incurred for treatment of a child's injuries and loss of the child's services, when caused by the single tortious act of

another, are elements of damage to the father's property rights and thus give rise to a cause of action in the father. The *Krasner* case cited *Ga. R. & Power Co. v. Endsley,* supra, and likewise the cases of *Farmer v. Baird,* 35 Ga. App. 208 (132 SE 260); *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (174 SE 365); and *Kelly v. McCoy,* 85 Ga. App. 514 (69 SE2d 652). We see no difference in the injuries received by the parent as to the loss of a child's services and treatment of the minor child's injuries, and those which would be involved on account of damages resulting from the injuries to the wife. Accordingly, based on the authority of the cases cited, the court did not err in sustaining the plea and dismissing the complaint. The error enumerated is not meritorious.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*