UNITED STATES FIDELITY & GUARANTY CO., Indiv. and as Statutory Subrogee of Betty B. Miller, Plaintiff-Appellant,

v.

CARL SUBLER TRUCKING, INC., Defendant-Appellee.

No. 86–8083

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 6, 1986.

---

William A. Erwin, Albany, Ga., for plaintiff-appellant.

Frank J. Santry, Stephen M. Andrews, Tallahassee, Fla., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

The question in this case is whether an insurer, entitled by way of subrogation to a claim for personal injury benefits paid its insured, may bring a separate suit against the defendant tortfeasor, previously sued for personal injury damages by the insured in an action where the insurer had the right to intervene but did not. Although the insurance company plaintiff, having lost in the district court, correctly argues on appeal that the Georgia statutes and cases do not squarely hold that the failure to intervene in the prior suit forecloses its action against the tortfeasor, the cases clearly indicate that to be the law. We affirm the district court's dismissal of the insurance company's complaint on that ground.

United States Fidelity and Guaranty Company (USF & G) insured Betty Miller for up to $50,000 in personal injury protection (PIP) benefits. USF & G originally paid Miller $18,080 in lost wages and $5,590.95 for medical and rehabilitative expenses for injuries received in an accident with a vehicle owned by Carl Subler Trucking. Mrs. Miller then sued Carl Subler to recover for mental and physical pain and suffering and for past, present, and future lost wages. She received a $75,000 verdict, which was reduced by $18,080 to reflect the lost wage benefits she had received from USF & G.

After Mrs. Miller's successful lawsuit, USF & G paid her an additional $16,500 for future wage losses, as well as $2,950.20 for property damage to her car. Although USF & G, both before and after Mrs. Miller's lawsuit, constantly informed Carl Subler of the amounts it had paid to Mrs. Miller, Carl Subler refused to pay USF & G anything, including the $18,080 withheld from the jury verdict.

In this lawsuit, USF & G seeks to recover from Carl Subler all sums USF & G has paid to Mrs. Miller. The suit is brought pursuant to O.C.G.A. § 33–34–3(d)(1)(A) (when one vehicle exceeds 6500 pounds unloaded), which provides a narrow exception to the general rule that a no-fault insurer may not sue the tortfeasor to recover for PIP benefits paid to its insured.

We premise our holding that the plaintiff insurer cannot bring this suit for personal injury payment, as subrogee of its insured, against the defendant tortfeasor on three clear points of Georgia law.

*First,* in asserting subrogation rights in the name of its insured, the insurance company stands squarely in the place of its insured, having no greater and no less rights against the tortfeasor. In order for

**1542**

subrogation to have value to the insurer, the insured must have some right to which the insurer can succeed by subrogation. *Travelers Insurance Co. v. Commercial Union Insurance Co.,* 176 Ga.App. 305, 335 S.E.2d 681, 684 (1985).

*Second,* for damages for personal injuries, Georgia law prohibits the injured insured from splitting its cause of action, so that the insured having previously litigated her claim could not have brought this second action. *E.g., Story v. Rivers,* 220 Ga. 232, 138 S.E.2d 304 (1964).

*Third,* the insurance company has an absolute right to intervene in the insured's suit against the tortfeasor, a right premised to some extent on the fact that intervention is necessary for the insurance company to protect its rights against the tortfeasor. *State Farm Mutual Automobile Insurance Co. v. Five Transportation Co.,* 246 Ga. 447, 271 S.E.2d 844 (1980).

Applying these principles here, it is clear that Mrs. Miller could not have maintained a separate lawsuit for her medical and rehabilitation expenses, and could not bring a new suit claiming lost wages or income when that issue had already been adjudicated. As USF & G stands in Mrs. Miller's shoes on these claims, it is also barred from instituting a separate lawsuit. By failing to intervene in the insured's suit when the liability of the tortfeasor was litigated, the company does not acquire a right its insured would not have.

█ The law as to property damages is different in Georgia. Georgia law allows the property damage claim to be split from the personal injury claim, so the insurance company did not have to intervene in the personal injury suit to protect its property damage claim. In this respect alone, the district court's judgment for Carl Subler must be reversed, a point conceded by the appellee. *Carter v. Banks,* 254 Ga. 550, 330 S.E.2d 866 (1985).

AFFIRMED in part, REVERSED in part, and REMANDED.